WESTERN UNION TELEGRAPH CO. v.
SAXON.

(Court of Civil Appeals of Texas. Austin.
May 31, 1911. Rehearing Denied
July 1, 1911.)

1. APPEAL AND ERROR (§ 719*)—QUESTIONS
REVIEWABLE — ASSIGNMENT OF ERRORS —
FUNDAMENTAL ERROR.

The court on appeal must, in the absence
of any assignment of error, examine the record
to ascertain if the trial court could have law-
fully rendered any judgment for plaintiff, and
will reverse the judgment for fundamental error
apparent on the record.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2968–2982.; Dec. Dig. §
719.*]

2. PLEADING (§ 34*) — PETITION — CONSTRUC-
TION.

A petition not demurred to will be given
every reasonable intendment in its favor.

[Ed. Note.—For other cases, see Pleading,
Cent. Dig. §§ 66–75; Dec. Dig. § 34.*]

3. TELEGRAPHS AND TELEPHONES (§ 65*)—ER-
ROR IN TRANSMISSION OF MESSAGES—PETI-
TION—SUFFICIENCY.

A petition, in an action against a telegraph
company for erroneously transmitting a mes-
sage, which alleges that the company is engaged
in the business of sending and delivering mes-
sages for hire, that the sender sent a message to
the sendee, paying therefor, that the copy of
the message delivered to the sendee was not a
correct copy of the message filed with the com-
pany by the sender, shows, when liberally con-
strued, as it must be, in the absence of. any
demurrer, that the sender delivered the mes-
sage to the company's agent, and that the com-
pany undertook to transmit the same to the
sendee, and that it breached the agreement, and
states a cause of action.

[Ed. Note.—For other cases, see Telegraphs
and Telephones, Cent. Dig. §§ 54–60; Dec. Dig.
§ 65.*]

4. TELEGRAPHS AND TELEPHONES (§ 66*)—
TRANSMISSION OF MESSAGES—CONTRACTS.

The filing of a message with an agent of a
telegraph company engaged in the business of
sending and delivering messages for hire, and
the prepayment of the charges thereon, followed
by an attempt by the company to transmit the
message, show prima facie a contract by the
company to correctly transmit the message.

[Ed. Note.—For other cases, see Telegraphs
and Telephones, Cent. Dig. §§ 61–63; Dec. Dig.
§. 66.*]

Appeal from Fayette County Court; Geo.
Willrich, Judge.

Action by J. P. Saxon against the Western
Union Telegraph Company. From a judg-
ment for plaintiff, defendant appeals. Af-
firmed.

Appellee's brother sent him a telegram
from Trinidad, Tex., to the effect that he
was dangerously sick, and to come at once.
This telegram, when received by appellee,
was dated Trinidad, Colo. Appellee did not
know where his brother was, but did not
think he was in Colorado, and so informed
the operator at La Grange, where said tele-
gram was received, and requested him to re-
peat said telegram. Said operator inform-
ed him that he had done so, and that the
telegram was correctly dated at Trinidad,

Colo. Appellee sent a telegram directed to
his brother at Trinidad, Colo., but received
no answer. He did not know that there was
such a place as Trinidad, Tex., until after
his brother was dead and buried. Had the
telegram shown that it was from Trinidad,
Tex., he could, and he alleged and testified
that he would, have gone to his brother and
reached him before he died. Judgment for
appellee for $950.

Hume & Hume, for appellant. John T.
Duncan, for appellee.

JENKINS, J. (after stating the facts as
above). [1] The appellant did not file any
assignment of errors, but asks us to reverse
this case for fundamental error, in that, as it
contends, the petition does not allege any
contract with appellant to transmit said
telegram. If appellant's contention is correct,
the judgment should be reversed for funda-
mental error apparent upon the record. There
can be no valid judgment without a suit.
There can be no suit in the county or dis-
trict court without a written petition. A
petition which does not state any cause of
action is, in law, no petition. It is our duty,
without any assignment of error, to examine
the record sufficiently to see if the court
could have lawfully rendered any judgment
for the plaintiff.

[2] In the absence of a demurrer, a peti-
tion will be given every reasonable intend-
ment in its favor. Tested by this rule, we
think the petition is sufficient to sustain the
judgment.

[3] The petition contains no direct aver-
ment of a contract on the part of appellant
to transmit said telegram. But it is alleged
in said petition that the defendant at the
time was a telegraph company, engaged in
the business of sending and delivering mes-
sages for hire within the state of Texas and
elsewhere; that it had an office at La
Grange, Tex.; that on January 20, 1910;
plaintiff's brother resided at Trinidad, Tex.;
that his said brother wired a telegram to
plaintiff, dated at Trinidad, Tex. That ap-
pellant's agent at Trinidad, Tex., who sent
said telegram, knew that it was dated at
Trinidad, Tex.; that his brother prepaid said
telegram; that a copy of said telegram was
delivered to plaintiff by defendant's agent
at La Grange, Tex., but was dated Trini-
dad, Colo., instead of Trinidad, Tex.; that at
plaintiff's request defendant's agent at La
Grange had said telegram repeated, and that
he informed plaintiff that said telegram was
received by defendant at Houston in the
form in which it was delivered to plaintiff;
that the copy of the telegram delivered to
plaintiff was not a true copy of the telegram
that was filed with the defendant at Trini-
dad, Tex. Under the liberal construction re-
quired in the absence of a demurrer, we

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

think these averments reasonably show that appellee's brother delivered a telegram to defendant's agent at Trinidad, Tex., and that appellant undertook to transmit the same to La Grange, Tex., and that appellant breached said contract.

[4] Filing a telegram with the agent of a telegraph company, and prepaying the charges on the same, and the attempt of the company to transmit such telegram, makes a prima facie case of a contract on the part of the telegraph company to correctly transmit such telegram. These facts reasonably appear from the petition in this case.

For the reasons above set out, the judgment herein is affirmed.

Affirmed.