## MALLINCKRODT CHEMICAL WORKS *v.* STATE OF MISSOURI, AT THE RELATION OF JONES, CIRCUIT ATTORNEY OF CITY OF ST. LOUIS.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 187.  Argued March 10, 1915.—Decided June 1, 1915.

If it appears from the opinion of the trial court, that the question of equal protection, under the Fourteenth Amendment, was treated as sufficiently raised and specifically dealt with adversely to plaintiff in error, jurisdiction is conferred on this court under § 237, Judicial Code,

Any one seeking to set aside a state statute as repugnant to the Federal Constitution, must show that he is within the class with respect to whom the act is unconstitutional and that the alleged unconstitutional features injure him. *Plymouth Coal Co.* v. *Pennsylvania*, 232 U. S. 531.

This court will not pass upon the definition of disputed terms in a state statute where that point is not of consequence to plaintiff in error, as in a case where refusal to file a prescribed statement, was based on the general theory that no statement of any kind need be made and not upon the ground of ambiguity of any of the terms used. So *held* as to the expression "trust certificates" in § 10322, Missouri Rev. Stat. 1909.

In advance of any construction of a statute by the courts of the enacting State, this court assumes that those courts will give the act such a construction as will render it consistent with constitutional limitations. *Bechtel* v. *Wilson*, 204 U. S. 36.

Objections to the constitutionality of a state statute requiring the filing of an affidavit on the ground that the prescribed form in the statute is not exactly adapted to every corporation and that the state officers have construed the statute as not permitting any alterations, are too frivolous to need serious attention. In this case neither the statute nor official caution reasonably admits of the construction contended for.

While classification must be reasonable and corporations may not be arbitrarily selected for subjection to a burden to which individuals would as appropriately be subject, there is a reasonable basis for classifying corporations on account of their peculiar attributes in regard to participation in prohibited trusts and combinations.

Section 10322, Missouri Rev. Stat. 1909, requiring officers of corporations to annually file with the Secretary of State, an affidavit in form as prescribed in the statute setting forth the non-participation of the corporation in any pool, trust, agreement or combination under penalty of forfeiture of charter or right to do business in the State is not unconstitutional as depriving the corporation of its property without due process of law or as denying them equal protection of the law on account of any reason involved in this case.

249 Missouri, 702, affirmed.

THE facts, which involve the constitutionality under the Fourteenth Amendment of a statute of Missouri requiring corporations to file annually an affidavit of non-

participation in trusts and combinations, are stated in the opinion.

*Mr. Shepard Barclay*, with whom *Mr. S. Mayner Wallace* and *Mr. William R. Orthwein* were on the brief, for plaintiff in error:

The requirement as to trust certificates is not due process.

The requirement as to date of incorporation is impossible of compliance, and hence is not due process.

The requirement of venue and jurat in "County," when defendant is not domiciled in any county, is not due process.

An unfounded discrimination by presumption of guilt against persons managing corporations while other individuals and partnerships, in like business, and like circumstances, are exempt therefrom amounts to denial of due process of law.

In support of these contentions, see 26 Am. & Eng. Enc. 2d ed., 656; 30 id. 1161; *Barhydt v. Alexander*, 59 Mo. App. 192; *Brown v. Billington*, 163 Pa. St. 76; *S. C.*, 43 Am. St. 780; *Brown v. Jacobs Co.*, 115 Georgia, 429; Bishop, Stat. Crimes, 2d ed., § 41; *In re Coe*, 183 Fed. Rep. 745; *Collins v. Kentucky*, 234 U. S. 638; Const'n Missouri, 1875, art. 2, § 23; id. art. 9, §§ 20–25; *Counselman v. Hitchcock*, 142 U. S. 547; *Connolly v. Pipe Co.*, 184 U. S. 556; *Edelstein v. United States*, 149 Fed. Rep. 642; *Ex parte Gauss*, 223 Missouri, 285; *Glickstein v. United States*, 222 U. S. 141; *Gracey v. St. Louis*, 213 Missouri, 384; *Gulf Ry. v. Ellis*, 165 U. S. 150; *Harvester Co. v. Kentucky*, 234 U. S. 223; *International Harvester Co. v. Kentucky*, 234 U. S. 223, 591; *Insurance Co. v. Carnell*, 110 Fed. Rep. 823; Maxwell, Interp. Stats., 4th ed., 577–8; *Mo. Pac. Ry. v. Tucker*, 230 U. S. 340; *In re Nachman*, 114 Fed. Rep. 996; *Paddock v. Railway*, 155 Missouri, 537; *People v. O'Brien*, 176 N. Y. 261; Rev. Stat. Mo. 1909, §§ 3508, 10325;

*Raymond* v. *Chicago Co.*, 207 U. S. 20; *In re Reboulin*, 165 Fed. Rep. 246; *Railway Co.* v. *Taylor*, 198 Fed. Rep. 159; *Southern Ry.* v. *Greene*, 216 U. S. 412; *Soon Hing* v. *Crowley*, 113 U. S. 709; *State* v. *Skillman*, 209 Missouri, 408; *State* v. *Campbell*, 210 Missouri, 202; *State* v. *Warner*, 220 Missouri, 23; *State* v. *Dillon*, 87 Missouri, 490; *State* v. *Simmons Hardware Co.*, 109 Missouri, 118; *State* v. *Young*, 119 Missouri, 495; *State* v. *Naughton*, 221 Missouri, 425; *State* v. *Ashbrook*, 154 Missouri, 395; *State* v. *Ry. Co.*, 146 Missouri, 175; *Steffen* v. *St. Louis*, 135 Missouri, 44; *Wilmington City Ry.* v. *Taylor*, 198 Fed. Rep. 159; *Ex parte Young*, 209 U. S. 123.

*Mr. Lee B. Ewing*, Assistant Attorney-General of the State of Missouri, with whom *Mr. John T. Barker*, Attorney-General of the State of Missouri, *Mr. Wm. M. Fitch*, Assistant Attorney-General of the State of Missouri, and *Mr. Shrader P. Howell* were on the brief, for defendant in error:

Only Federal questions will be considered by this court in reviewing judgments of a state court. *Waters-Pierce Co.* v. *Texas*, 212 U. S. 86, 112; *Chicago Ins. Co.* v. *Needles*, 113 U. S. 574, 581; *Barbier* v. *Connelly*, 113 U. S. 27–32; *Armour* v. *Lacy*, 200 U. S. 226, 236.

Whether a state statute is repugnant to the state constitution, does not present a Federal question; the decision of such question belongs wholly to the state court, and its decision is binding on this court. *Re Kemmler*, 136 U. S. 436, 447; *Rassmussen* v. *Idaho*, 181 U. S. 198; *Merchants Bank* v. *Pennsylvania*, 167 U. S. 461; *Layton* v. *Missouri*, 187 U. S. 356, 361; *Morley* v. *Lake Shore Ry.*, 146 U. S. 162, 167.

The proper construction to be given a state statute and the determination of its terms is a matter for the state courts and presents no Federal question. This court will be bound by the interpretation, application and scope of a

state statute, given by the state court of last resort. *Louisiana* v. *Pelsbury,* 105 U. S. 278, 294; *Phœnix Ins. Co.* v. *Gardner,* 11 Wall. 204; *Morley* v. *Lake Shore Ry.,* 146 U. S. 162, 166; *Standard Oil Co.* v. *Tennessee,* 217 U. S. 413; *Smiley* v. *Kansas,* 196 U. S. 447, 454; *Waters-Pierce Oil Co.* v. *Texas,* 177 U. S. 28, 42; *Cargill Co.* v. *Minnesota,* 180 U. S. 452, 466; *International Harvester Co.* v. *Missouri,* 173 U. S. 99, 107; *Hartford Ins. Co.* v. *Railroad Co.,* 175 U. S. 91, 100; *Enfield* v. *Jordon,* 119 U. S. 680; *International Harvester Co.* v. *Missouri,* 234 U. S. 199; *Hammond Pkg. Co.* v. *Arkansas,* 212 U. S. 343.

This court will accept as conclusive the findings of fact made by the state court in this case, and will also accept the finding that such facts constituted a violation of the law as construed by the state court of last resort. *Waters-Pierce Co.* v. *Texas,* 212 U. S. 86, 97, 106; *Thayer* v. *Spratt,* 189 U. S. 346, 353; *Egan* v. *Hart,* 165 U. S. 188; *Smiley* v. *Kansas,* 196 U. S. 447, 454; *Gardner* v. *Bonesteel,* 180 U. S. 162; *Christman* v. *Miller,* 197 U. S. 313; *Chapman* v. *Bigelow,* 206 U. S. 41.

The authority of the General Assembly of the State to pass laws prohibiting agreements or combinations in restraint of trade, or the carrying out in the State of such agreements or combinations, is absolute and complete. *International Harvester Co.* v. *Missouri,* 234 U. S. 199, 210; *Berea College* v. *Kentucky,* 211 U. S. 45, 53; *Waters-Pierce Co.* v. *Texas,* 212 U. S. 86; *Same* v. *Same,* 177 U. S. 28; *Standard Oil Co.* v. *Tennessee,* 217 U. S. 415; *Nat'l Cotton Oil Co.* v. *Texas,* 197 U. S. 115; *Smiley* v. *Kansas,* 196 U. S. 447; *Carroll* v. *Greenwich Ins. Co.,* 199 U. S. 410.

The State has the absolute right and power to prescribe punishment for violations of her anti-trust laws. *International Harvester Co.* v. *Missouri,* 234 U. S. 199; *Waters-Pierce Co.* v. *Texas,* 212 U. S. 86, 111; *Coffey* v. *Harlan Co.,* 204 U. S. 659; *Nat'l Cotton Oil Co.* v. *Texas,* 197 U. S. 115; *Repley* v. *Texas,* 193 U. S. 504; *Ohio* v. *Lloyd,* 194 U. S.

445; *Marvin* v. *Trout*, 199 U. S. 212; *Ry. Co.* v. *Hume*, 115 U. S. 512; *Tel. Co.* v. *Indiana*, 165 U. S. 304; *Standard Oil Co.* v. *Missouri*, 224 U. S. 270.

When a state court decides a case upon two grounds—one Federal and one non-federal, this court will not disturb the judgment if the non-federal ground, fairly construed, sustains the decision. *Berea College* v. *Kentucky*, 211 U. S. 45, 53; *Murdock* v. *Memphis*, 20 Wall. 590, 636; *Eustis* v. *Bolles*, 150 U. S. 301; *Giles* v. *Teasley*, 193 U. S. 146, 160; *Allen* v. *Arguimbau*, 198 U. S. 149.

The presumption is always in favor of the validity of a state statute. *Railroad Co.* v. *May*, 194 U. S. 267; *Erb* v. *Marasch*, 177 U. S. 584; *Fisher* v. *St. Louis*, 194 U. S. 361, 371; *Railroad Co.* v. *Richmond*, 96 U. S. 521, 529.

Before a state statute will be annulled by this court as arbitrary or unreasonable and, therefore, in violation of the Federal Constitution, or of the amendments thereto, it must clearly appear to be in violation thereof. *Carroll* v. *Greenwich Ins. Co.*, 199 U. S. 401, 411; *International Harvester Co.* v. *Missouri*, 234 U. S. 199, 210; *Bachtel* v. *Wilson*, 204 U. S. 36.

The State has extremely wide latitude and great power in providing classes which may be subject to legislative enactment, regulation or control, and discretion, when exercised by a State in such matters, will be enforced unless the enforcement thereof would be extremely unjust and clearly in violation of some provision of the Federal Constitution. Such classification may, within certain degrees, discriminate to great length and still be valid under the Federal Constitution. *International Harvester Co.* v. *Missouri*, 234 U. S. 199, 210; *Standard Oil Co.* v. *Tennessee*, 217 U. S. 420; *A., T. & S. F. Ry.* v. *Matthews*, 174 U. S. 96, 106; *Hammond Pkg. Co.* v. *Arkansas*, 212 U. S. 343; *Clark* v. *Kansas City*, 176 U. S. 114, 120; *Home Tel. Co.* v. *Los Angeles*, 211 U. S. 265, 277.

The immunity clause of the Fourteenth Amendment

is purely personal; it has been held that an attorney cannot raise the question for the witness. *Hale* v. *Henkel,* 201 Missouri, 43, 70; *Brown* v. *Walker,* 161 U. S. 596; Best on Evidence, 9th ed., p. 113; 3 Taylor on Evidence, § 1453; 1 Greenleaf on Evidence, 16th ed., § 469d; Philips on Evidence, 4th Am. ed., p. 935; Starkie on Evidence, 10th Am. ed., p. 4; Wigmore on Evidence, § 2263; *Commonwealth* v. *Shaw,* 4 Cush. 594; *State* v. *Wentworth,* 65 Maine, 234, 241.

The Supreme Court of Missouri has approved all questions of procedure in the case at bar. *State* v. *Mallinckrodt Chemical Works,* 249 Missouri, 702; *Tex. & N. O. R. R.* v. *Miller,* 221 U. S. 408, 416.

If the decision of the Missouri Supreme Court has accorded plaintiff in error every right, benefit and privilege guaranteed to it by the United States Constitution, then the judgment must be affirmed by this court. *Berea College* v. *Kentucky,* 211 U. S. 45, 53.

The equal protection of the law as guaranteed by the Fourteenth Amendment, is satisfied if the law applies equally to all persons in like situation and conditions. *Chicago &c. R. R. Co.* v. *Iowa,* 94 U. S. 155, 163; *International Harvester Co.* v. *Missouri,* 234 U. S. 199, 210–214; *Duncan* v. *Missouri,* 152 U. S. 382; *German Alliance Ins. Co.* v. *Hale,* 219 U. S. 307; *Williams* v. *Arkansas,* 217 U. S. 79; *Mutual Loan Co.* v. *Martel,* 222 U. S. 225, 233; *Aluminum Co.* v. *Rumsey,* 222 U. S. 251, 255.

Due process of law has been given the plaintiff in error under the Missouri statutes and the proceedings involved in the case at bar as fully as is guaranteed to it by the Federal Constitution; it has been given its day in court after due notice. *Hammond Pkg. Co.* v. *Arkansas,* 212 U. S. 322, 350; *N. & S. Turnpike Co.* v. *Virginia,* 225 U. S. 264, 270; *Twining* v. *New Jersey,* 211 U. S. 79; *Standard Oil Co.* v. *Missouri,* 224 U. S. 270; *Jordan* v. *Commonwealth,* 225 U. S. 167; *Jacob* v. *Roberts,* 223 U. S. 261;

*American Land Co.* v. *Zeiss,* 219 U. S. 47; *Paddell* v. *New York,* 211 U. S. 446, 450; *Blinn* v. *Nelson,* 222 U. S. 1.

No provision of the Federal Constitution is violated by the Missouri statute, which requires an affidavit of innocence to be furnished by all domestic corporations in Missouri when such affidavit is not required by persons or partnerships engaged in the same or similar lines of business with such corporations. *Mutual Loan Co.* v. *Martel,* 222 U. S. 225, 233; *International Harvester Co.* v. *Missouri,* 234 U. S. 199, 210; *Berea College* v. *Kentucky,* 211 U. S. 45, 53; *Hammond Pkg. Co.* v. *Arkansas,* 212 U. S. 322, 343; *German Alliance Ins. Co.* v. *Hale,* 219 U. S. 307.

The Supreme Court of Missouri, on appeal, is confined to the matters presented in the first instance to the lower court, and also to the theory of the case as presented to the lower court. *Ice Co.* v. *Kuhlmann,* 238 Missouri, 685, 705; *State ex rel. McQuillin,* 246 Missouri, 586, 592; *Dougherty* v. *Dougherty,* 239 Missouri, 649, 659.

A constitutional question which may have been raised by demurrer or answer, and not so raised, but presented to the lower court for the first time by motion in arrest is raised out of time and does not confer jurisdiction on the Supreme Court. *Dubowsky* v. *Binggeli,* 258 Missouri, 197, 202; *Howell* v. *Sherwood,* 242 Missouri, 513.

Mr. Justice Pitney delivered the opinion of the court.

This was an action brought by the State of Missouri, at the relation of the Circuit Attorney of the City of St. Louis, against the Mallinckrodt Chemical Works (a Missouri corporation), to forfeit its charter for failure of its officers to file with the Secretary of State in the year 1910 the affidavit prescribed by § 10322, Missouri Rev. Stat. 1909, setting forth the non-participation of defendant in any pool, trust, agreement, combination, etc. The Supreme Court of the State affirmed a judgment of forfeiture (249 Missouri, 702), and the case is brought here

upon the contention that the statute as thus enforced is repugnant to the Fourteenth Amendment of the Constitution of the United States in that it denies to defendant and its managing officers the equal protection of the laws and deprives them of property without due process of law.

There is a motion to dismiss, based upon the ground that the Federal questions here set up were not raised in the trial court, or in the Supreme Court of the State, with sufficient definiteness to comply with § 237, Jud. Code (Act of March 3, 1911, c. 231, 36 Stat. 1087, 1156.) It appears, however, from the opinion of the Supreme Court (249 Missouri, 704 (8), 733), that the question of equal protection under the Fourteenth Amendment was treated as being sufficiently raised, and was specifically dealt with and ruled against plaintiff in error. This is sufficient to confer jurisdiction upon this court, and the motion to dismiss must be denied. *Nor. Car. R. R.* v. *Zachary,* 232 U. S. 248, 257.

Section 10322, Missouri Rev. Stat. 1909 (enacted in this form in 1907, Laws, p. 374), is set forth in full in the margin.[1] It forms part of Article III of chapter 98, which

---

[1] SEC. 10322. SECRETARY OF STATE TO MAKE INQUIRY—FORM OF AFFIDAVIT.—It shall be the duty of the secretary of state, on or about the first day of July of each year, to address to the president, secretary or managing officer of each incorporated company in this State, a letter of inquiry as to whether the said corporation has all or any part of its business or interest in or with any trust, combination or association of persons or stockholders, as named in the preceding provisions of article I of this chapter, and to require an answer, under oath, of the president, secretary or managing officer of said company. A form of affidavit shall be enclosed in said letter of inquiry, as follows:

AFFIDAVIT.

State of Missouri, }
County of——— } ss.

I, ——, do solemnly swear that I am the —— (president, secretary or managing officer) of the corporation known and styled ——, duly

relates to "Pools, Trusts, Conspiracies, and Discrimina-
tions." Article I of the same chapter contains sections
prohibiting combinations in restraint of trade or competi-
tion, and the like, under prescribed penalties. But in the
present case the Supreme Court held (249 Missouri, 726–

---

incorporated under the laws of ——, on the —— day of ——, 19—,
and now transacting or conducting business in the State of Missouri,
and that I am duly authorized to represent said corporation in the
making of this affidavit, and I do further swear that the said ——,
known and styled as aforesaid, is not now, and has not at any time
within one year from the date of this affidavit, created, entered into,
become a member of or participated in any pool, trust, agreement,
combination, confederation or understanding with any other corpora-
tion, partnership, individual, or any other person or association of per-
sons, to regulate or fix the price of any article of manufacture, mechan-
ism, merchandise, commodity, convenience, repair, any product of
mining, or any article or thing whatsoever, or the price or premium
to be paid for insuring property against loss or damage by fire, light-
ning or storm; and that it has not entered into or become a member of
or a party to any pool, trust, agreement, contract, combination or con-
federation to fix or limit the amount or quantity of any article of manu-
facture, mechanism, merchandise, commodity, convenience, repair,
any product of mining, or any article or thing whatsoever, or the price or
premium to be paid for insuring property against loss or damage by
fire, lightning or storm; and that it has not issued and does not own any
trust certificates, and for any corporation, agent, officer or employé,
or for the directors or stockholders of any corporation, has not entered
into and is not now in any combination, contract or agreement with
any person or persons, corporation or corporations, or with any stock-
holder or director thereof, the purpose and effect of which said com-
bination, contract or agreement would be to place the management or
control of such combination or combinations, or the manufactured
product thereof, in the hands of any trustee or trustees, with the in-
tent to limit or fix the price or lessen the production and sale of any
article of commerce, use or consumption, or prevent, restrict or dimin-
ish the manufacture or output of any article; and that it has not made
or entered into any arrangement, contract or agreement with any per-
son, association of persons or corporation designed to lessen or which
tends to lessen full and free competition in the importation, manufac-
ture or sale of any article, product or commodity in this State, or under

729) that Article III is complete in itself and independent of Article I, and has for its object the discouragement of the formation of pools, etc., and requires a disclosure of existing combinations by the filing of annual affidavits under the penalty of forfeiture of the charter or certificate of incorporation, or of the right or privilege to do business in the State, "even though the company may never have

---

the terms of which it is proposed, stipulated, provided, agreed or understood that any particular or specified article, product or commodity shall be dealt in, sold or offered for sale in this State to the exclusion, in whole or in part, of any competing article, product or commodity.

——————————————,
(President, secretary or managing officer.)

Subscribed and sworn to before me, a —— within and for the county of ——, this —— day of ——, 19—.

(Seal)                                    ——————————

And thereupon it shall become the duty of such corporation to make answer to such inquiry by filing or causing to be filed the affidavit prescribed herein. And on refusal to make oath in answer to said inquiry, or on failure to do so within thirty days from the mailing thereof, the secretary of state shall certify said fact to the prosecuting attorney of the county or the circuit attorney in the city of St. Louis, wherein said corporation is located, and it shall be the duty of such prosecuting attorney or circuit attorney, at the earliest practicable moment, in the name of the State, and at the relation of said prosecuting or circuit attorney, to proceed against such corporation for the forfeiture of its charter or certificate of incorporation, or its right or privilege to do business in this State: *Provided, however,* that if such corporation shall file the affidavit required by the provisions of this article prior to the rendition of final judgment in said action, the court may assess against such corporation, in lieu of a judgment forfeiting its charter or certificate of incorporation, or its right or privilege to do business in this state, a fine not to exceed five thousand dollars and not less than one hundred dollars: *Provided, however,* that any time before final judgment, if such corporation shall file or cause to be filed with the secretary of state the affidavit herein prescribed, the trial court may, in his discretion, and for good cause shown, upon the payment of all costs, together with the attorney's fees of ten dollars, to be paid to the prosecuting attorney or the circuit attorney in the city of St. Louis, remit the penalty herein prescribed. (Laws 1907, p. 374.)

entered into any such pool, trust, conspiracy or combination mentioned in the first article."

It appears that on or about July 1, 1910, the Secretary of State, in obedience to the requirements of § 10322, addressed to the president of plaintiff in error a proper letter of inquiry, requiring an answer under oath, and inclosing the form of affidavit prescribed by that section, and that the corporation willfully failed and refused to make answer by filing or causing to be filed the affidavit. Proof of these facts was held sufficient to sustain the judgment of forfeiture.

Assuming, without deciding, that all of the grounds upon which the validity of § 10322 is here attacked were properly saved in the state courts, we will discuss them in their order.

(1) It is insisted that the statute is repugnant to the "due process" clause, in that it requires an oath of the corporation's officer that the corporation "has not issued and does not own any trust certificates," without explaining or defining the term "trust certificates," or otherwise indicating the meaning of the requirement or limiting it to such certificates as are declared unlawful by the statute. It is very plain, however, that the term "trust certificates" in the prescribed affidavit must be construed in the light of § 10306, found in Art. I of the same chapter, which declares:

"It shall not be lawful for any corporation to issue or to own trust certificates, or for any corporation, agent, officer or employé, or the directors or stockholders of any corporation, to enter into any combination, contract or agreement with any person or persons, corporation or corporations, or with any stockholder or director thereof, the purpose and effect of which combination, contract or agreement shall be to place the management or control of such combination or combinations, or the manufactured product thereof, in the hands of any trustee or trustees,

with the intent to limit or fix the price or lessen the production and sale of any article of commerce, use or consumption, or to prevent, restrict or diminish the manufacture or output of any such article. (Laws 1907, p. 377.)"

The evident purpose of that part of the affidavit to which the present criticism relates is to require an assurance under the oath of a responsible officer of the corporation that the provisions of § 10306 have not been violated.

The Century Dictionary gives as a specific definition of the commercial term "trust" the following: "An organization for the control of several corporations under one direction by the device of a transfer by the stockholders in each corporation of at least a majority of the stock to a central committee or board of trustees, who issue in return to such stockholders respectively certificates showing in effect that, although they have parted with their stock and the consequent voting power, they are still entitled to dividends or to share in the profits—the object being to enable the trustees to elect directors in all the corporations, to control and suspend at pleasure the work of any, and thus to economize expenses, regulate production, and defeat competition. In a looser sense the term is applied to any combination of establishments in the same line of business for securing the same ends by holding the individual interests of each subservient to a common authority for the common interests of all."

We need not adopt this or any other precise definition of the disputed term, for if the legislative meaning be doubtful in this respect there is nothing in the record to show that this is of the least consequence to plaintiff in error. From the undisputed evidence it appears that the refusal to file the affidavit was based upon the general theory that the corporation was not obliged to make any such disclosure as is required by § 10322, and not upon the ground of any ambiguity respecting the term "trust cer-

tificate." As has been often pointed out, one who seeks to set aside a state statute as repugnant to the Federal Constitution must show that he is within the class with respect to whom the act is unconstitutional, and that the alleged unconstitutional feature injures him. *Plymouth Coal Co.* v. *Pennsylvania*, 232 U. S. 531, 544, and cases cited.

And it is to be assumed, in the absence of any construction of the statute by the courts of the State, that those courts will adopt such a construction as will render the enactment consistent with constitutional limitations. *Bachtel* v. *Wilson*, 204 U. S. 36, 40.

The present case is altogether different from *International Harvester Co.* v. *Kentucky*, 234 U. S. 216, and *Collins* v. *Kentucky*, 234 U. S. 634, for there the local statutes had already been construed by the highest court of the State, and, so construed, were held by this court to prescribe no standard of conduct that it was possible to know, and to violate the fundamental principles of justice embraced in the conception of due process of law in compelling men on peril of indictment to guess what their goods would have brought under other conditions not ascertainable.

(2). It is said that § 10322, as applied to plaintiff in error, is inconsistent with due process of law because it prescribes "an inflexible and immutable form of affidavit," and that the form transmitted to plaintiff in error was accompanied with official instructions that it "will not be accepted if any changes or erasures are made in the form;" and that the statutory form includes in the jurat the year "19—," and hence is not applicable to corporations organized, as plaintiff in error was, prior to the year 1900. The objection hardly merits serious treatment. It might as well be said that the blanks in the affidavit could not be filled up without departing from the form prescribed by the legislature. Of course, neither the stat-

ute nor the official caution reasonably admits of any such construction.

(3) A similar contention is based upon the circumstance that the prescribed form of affidavit "has a venue and jurat in a county," whereas plaintiff in error is located and transacts business in the City of St. Louis, which under the constitution and laws of Missouri is not part of any county. This is sufficiently answered by what we have just said; but we may add that, as pointed out in the opinion of the Missouri Supreme Court (249 Missouri, 732), § 8057, Rev. Stat. 1909, which prescribes rules for the construction of statutes, provides that "whenever the word 'county' is used in any law, general in its character to the whole State, the same shall be construed to include the City of St. Louis, unless such construction be inconsistent with the evident intent of such law, or of some law specially applicable to such city."

(4) It is insisted that to require an affidavit of innocence by the managing officers of corporations is an unjust discrimination against them, and hence repugnant to the "equal protection" provision, because individuals, partnerships, and associations of individuals, although equally within the law against monopolies (§§ 10299, 10303) are not required to make similar exculpatory affidavits. The question is whether, for the purpose of such a disclosure as is required by § 10322, corporations may be placed in one class and individuals in another. The answer is not at all difficult. Of course, corporations may not arbitrarily be selected in order to be subjected to a burden to which individuals would as appropriately be subject. Classification must be reasonable; that is to say, it must be based upon some real and substantial distinction having a just relation to the legislative object in view. But here, as in other questions of alleged conflict with constitutional requirements, every reasonable intendment is in favor of the validity of the legislation

under attack. Corporations, unlike individuals, derive their very right to exist from the laws of the State; they have perpetual succession; and they act only by agents, and often under circumstances where the agency is not manifest. The legislature may reasonably have concluded that, for these and other reasons, corporations are peculiarly apt instruments for establishing and effectuating those trusts and combinations against which the prohibition of the statute is directed, that their business affiliations are not so easily discovered and traced as those of individuals, and that there was therefore a peculiar necessity and fitness in annually requiring from each corporation a solemn assurance of its non-participation in the prohibited practices. The Act is, in this respect, fairly within the wide range of discretion that the States enjoy in the matter of classification. *Missouri, Kansas & Texas Ry.* v. *Cade*, 233 U. S. 642, 650, and cases cited.

*Judgment affirmed.*