## SID WESTHEIMER CO. v. PINER.*
### (No. 8102.)

(Court of Civil Appeals of Texas. Galveston. Feb. 28, 1922. Rehearing Denied March 23, 1922.)

1. **Appeal and error ⬯281(1)—Refusal to abate action for dissolution of corporation held not fundamental error apparent of record.**

Refusal to abate suit against corporation because of the prior dissolution of the corporation, not affecting the merits or foundation of plaintiff's cause of action, could not be considered on appeal as fundamental error apparent of record, where the question was not raised on the trial or by motion for a new trial, but merely by motion in arrest of judgment.

2. **Appeal and error ⬯672—Error which can be ascertained only by consideration of statement of facts or bill of exceptions not an error apparent of record.**

An error which can only be ascertained by a consideration of the statement of facts, or bill of exceptions, is not an error apparent of record.

3. **Death ⬯47—Petition held to state cause of action against owner of vehicle.**

A petition, alleging that deceased was killed by the negligent operation on a public street by "the defendant, its agents and servants," of a seven-passenger touring car "operated and used by the defendant in its general undertaking business," held to state a cause of action for death under Vernon's Sayles' Ann. Civ. St. 1914, art. 4694, subd. 1, making owner of "vehicle for the conveyance of goods, passengers," liable for death caused by negligence of owner or his employees, being sufficient to show that the automobile was used for the conveyance of goods or passengers; it being unnecessary under such statute that defendant be a common carrier.

4. **Death ⬯33—Proprietor of vehicle liable though not a common carrier.**

Under Vernon's Sayles' Civ. St. 1914, art. 4694, subd. 1, making the "proprietor, owner. charterer, or hirer of any railroad, steamboat, stagecoach or other vehicle for the conveyance of goods, passengers," etc., liable for death caused by negligence of such proprietor, etc., or by unfitness or negligence of employees, a proprietor of such vehicle to be liable need not have been engaged in the business of a public or common carrier.

5. **Constitutional law ⬯48—Any classification having a reasonable basis upheld against charge of unjust discrimination.**

Any classification, adopted by the Legislature in the exercise of the police power of the state, which has a reasonable basis, will be upheld against a charge of unjust discrimination.

6. **Constitutional law ⬯48—Act not declared unconstitutional unless clearly invalid.**

A state statute will not be declared unconstitutional unless it clearly violates some provision of the state or federal Constitution.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by Elee Piner against the Sid Westheimer Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Fulbright & Crooker, of Houston, for appellant.

Baker, Botts, Parker & Garwood, of Houston, amicus curiæ.

Cole & Cole and Cam M. Kay, all of Houston, for appellee.

Presley K. Ewing, of Houston, amicus curiæ.

PLEASANTS, C. J. This is a suit by appellee against appellant, a private corporation organized under the laws of this state, to recover damages resulting from the death of her husband, which she alleges was caused by the negligent operation, on a public street in the city of Houston, by "the defendant, its agents and servants," of a large motor vehicle which was used and operated by the defendant in its general undertaking business.

The defendant's answer contains only a general demurrer and a general denial.

The trial in the court below resulted in a verdict and judgment in favor of plaintiff for the sum of $4,500.

At a former day of this term, on motion of appellee, we struck out appellant's briefs because they were not filed in time to give appellee an opportunity to thereafter prepare and file her brief before the day on which the case was set for submission in this court. We did not dismiss the appeal, because in its answer to the motion to strike out the briefs the appellant presented what it claims to be fundamental errors apparent of record, and we have considered the appeal and examined the record for the purpose of determining whether appellant's claim of fundamental errors apparent of record can be sustained.

The contentions of appellant are presented by the following propositions:

"Proposition I. Where it was proved by plaintiff on the trial of the case that the defendant corporation was legally dissolved after suit had been filed and more than a year before the trial of the case was had, no judgment against said corporation could be lawfully rendered and the suit abated, so that the trial court had no jurisdiction thereof.

"Proposition II. Where plaintiff seeks to recover damages against defendant corporation for the death of her husband, alleged and found by the jury to have been caused by the negligence of the driver of an automobile belonging to defendant, defendant is not liable for the damages so caused, either at common law nor by statute, where there is no valid statute rendering natural persons engaged in the same kind or character of business liable for damages resulting in death caused by the negligence of the agents of such natural persons.

"Proposition III. It being undisputed that the persons driving the automobile alleged to

have collided with plaintiff's deceased husband were the mere agents and servants of defendand and not vice principals, no recovery could be had of the defendant, a corporation, for damages sustained as the result of death caused by said servants' negligence.

"Proposition IV. Plaintiff was not entitled to recover damages from defendant, a private corporation, which was not a common carrier, on account of the death of plaintiff's husband, caused by the negligence of a mere servant or agent of the defendant—not a vice principal—because the act of the Legislature which purported to confer such right is in contravention of section 19, art. 1, and section 56, art. 3. of the Texas Constitution, and the Fourteenth Amendment to the Constitution of the United States, and therefore is void.

"Proposition V. Plaintiff is not entitled to recover damages from defendant, a private corporation, on account of plaintiff's husband's death, caused by the negligence of a mere servant or agent of defendant, where the only statute under which such liability can be drawn is a statute which is directed against the acts, negligence, and so forth, of a corporation, which act is void as to natural persons, and will likewise be held void as to corporations which are engaged in the same or similar business as that followed by natural persons."

[1] The soundness of the legal proposition, that the dissolution of a corporation after suit had been filed against it and before the trial of the case caused the suit to abate and judgment could not properly be rendered, may be conceded; but the error in rendering such judgment is not, in our opinion, fundamental error apparent of record. The dissolution of the corporation in no way affected the merits or foundation of plaintiff's cause of action, and the rendition of a judgment in plaintiff's favor against the defunct corporation was only an error of procedure in the enforcement of plaintiff's rights. An error of this kind can only be considered in this court when timely and properly raised and assigned. Railway Co. v. Brownsville, 45 Tex. 88; People's Building, Loan & Saving Ass'n v. Dailey, 17 Tex. Civ. App. 38, 42 S. W. 364; Arbuckle v. Gin & Mill Co. (Tex. Civ. App.) 148 S. W. 1136.

The question of the abatement of suit because of the dissolution of the corporation was not raised on the trial, and no motion for new trial was made.

[2] A motion in arrest of judgment, on the ground that it was shown by the evidence adduced on the trial that the corporation had been dissolved, was presented to and overruled by the court. In order for this court to determine the question of fact raised by this motion, we must examine and consider the statement of facts or bill of exceptions taken by the appellant to the action of the court in refusing the motion to arrest the judgment. An error which can only be ascertained in this way is not an error apparent of record. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85;

Brown v. Greenspun (Tex. Civ. App.) 200 S. W. 174; Hendrick v. Lumber Co. (Tex. Civ. App.) 200 S. W. 171; Zmek v. Dryer (Tex. Civ. App.) 174 S. W. 659; Hassell v. Rose (Tex. Civ. App.) 199 S. W. 845.

The other ground on which fundamental error apparent of record is claimed is based upon the contention that the second subdivision of article 4694, Vernon's Sayles' Civil Statutes, as amended by the act of 1913, is obnoxious to our state and federal Constitutions, because it unjustly discriminates against corporations by imposing on them a liability for damages for the death of any person caused by the wrongful act or the negligence of their agents or servants, when no such liability is imposed upon a natural person for death caused by his agents or servants.

This court having held, in the case of Rodgers v. Tobias (Tex. Civ. App.) 225 S. W. 804, that the act of 1913, amending the article of the statute before cited, was unconstitutional and void in so far as it attempts to impose upon natural persons liability for death caused by the negligence of their agents or servants, because that portion of the act was not expressly included nor fairly within the purview of the caption of the act, the question now presented, if passed upon, should be considered just as if that provision of the act had not been placed therein.

We do not think, however, that this question is presented upon the face of the record.

[3] Giving plaintiff's petition in this suit every reasonable intendment, the cause of action pleaded cannot be restricted to that given by the second subdivision of article 4694, because a cause of action under the first subdivision is sufficiently alleged. Under the first subdivision of the statute, a cause of action for injuries resulting in death is given "when the death of any person is caused by the neglect or carelessness of the proprietor, owner, charterer, or hirer of any railroad, steamboat, stagecoach, or other vehicle for the conveyance of goods (or) passengers, or by the unfitness, neglect, or carelessness of their servants or agents."

Paragraphs 1, 2, and 3 of plaintiff's petition contain the following allegations:

"(1) That plaintiff is a citizen of Harris county, Tex.; and that the defendant is a corporation duly and legally incorporated under the laws of the state of Texas, domiciled at Houston, in Harris county, Tex., and that said defendant is engaged in the general business of funeral directors and embalmers, and operates automobile ambulances in and around the city of Houston, Tex.

"(2) That on or about, to wit, the 19th day of April, 1917, plaintiff's deceased husband, Fred Piner, was driving a two-wheel cart along Lyons avenue in the city of Houston, Harris county, Tex., when he was overtaken by a motor vehicle operated by the defendants, its servants and agents, which motor vehicle struck

plaintiff's deceased husband with great force, causing the injuries to him as hereinafter set out; that said motor vehicle was a large seven-passenger gray touring car, having city license No. 8000, and was operated and used by the defendant in its general undertaking business, and by reason of its large size and color it bore some resemblance to an ambulance.

"(3) That the striking of plaintiff's deceased husband by said motor vehicle was due to the negligence on the part of defendant, its agents and servants, in this: First, that Lyons avenue is a public street sufficiently wide to allow vehicles to pass to and fro with sufficient clearance for two or three vehicles to pass at the same time, and the said Fred Piner being lawfully on said street, and on the right-hand side of said street next to the curb, and in plain view of the defendant, its agents and servants, and they were guilty of negligence in rushing onto and upon the said Fred Piner, and striking him with said motor vehicle, thus resulting in his death, and they were guilty of negligence in not keeping a lookout from said vehicle, for persons lawfully on said public street, and were negligent in not seeing the plaintiff's deceased husband and passing him in such manner as to avoid striking and killing him. * * *"

Negligence is further charged against the defendant, its servants and agents, in operating said motor vehicle in excess of the speed limit fixed by the ordinances of the city of Houston.

It seems clear to us that, under these allegations, plaintiff would be entitled to recover under subdivision 1 of the article above quoted, if the evidence shows that the automobile which struck and killed plaintiff's husband was owned and used by the defendant for the conveyance of goods or passengers and was being operated for this purpose by defendant's servants or agents at the time it struck the deceased. Automobile ambulances and automobile seven-passenger touring cars are certainly vehicles, and the owner of such vehicles, when they are being operated for the conveyance of goods or passengers, are liable by the express terms of the statute for the death of any person caused by the negligence of the agent or servant of the owner in the operation of the vehicle.

[4] It is not necessary, in order to fix liability under this subdivision of the statute, to allege or prove that the business of the owner of the vehicle was that of a public or common carrier.

The purpose of the statute is broad, and it was not enacted for the protection only of passengers and shippers, but was manifestly designated to protect the public by giving a right of action for injuries resulting in death regardless of whether the deceased was a passenger or the owner of the vehicle was operating it as a common carrier, and it would largely defeat the manifest purpose of the statute if it should be construed to give a cause of action only against common carriers, and our courts have not so construed it: Cunningham v. Neal, 101 Tex. 338; Lodwick Lumber Co. v. Taylor, 39 Tex. Civ. App. 302, 87 S. W. 358; Sullivan-Sanford Lumber Co. v. Watson, 106 Tex. 4, 155 S. W. 179.

It appearing that plaintiff's cause of action as alleged was maintainable under subdivision 1 of article 4694, the question of the validity of subdivision 2 of the article would not be involved, unless the evidence in the case discloses that the only cause of action shown by the plaintiff was under that subdivision. As we have before stated in passing upon the first proposition of appellant an error which can only be discovered or ascertained by an examination and shifting of the evidence contained in the statement of facts accompanying a record on appeal is not a fundamental error apparent of record, and to be considered such error must have been pointed out to the trial court and properly assigned in the appellate court.

[5, 6] If the validity of subdivision 2 of the article was so raised by the record as to present a question of fundamental error apparent of record, we would not be inclined to hold the statute unconstitutional on the ground that it unjustly discriminates against corporations. It is well settled that any classification adopted by a state Legislature in the exercise of the police power of the state which has a reasonable basis will be upheld against a charge of unjust discrimination. Lindsley v. Gas Co., 220 U. S. 61, 31 Sup. Ct. 337, 55 L. Ed. 369, Ann. Cas. 1912C, 160; Rast v. Van Deman & L. Co., 240 U. S. 342, 36 Sup. Ct. 370, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455; Crescent Cotton Oil Co. v. State, 257 U. S. ——, 42 Sup. Ct. 42, 66 L. Ed. ——. It is also a legal axiom that a state statute will not be declared unconstitutional unless it clearly violates some provision of the state or federal Constitution.

In the case of Mallinckrodt Chemical Works v. State, 238 U. S. 41, 35 Sup. Ct. 671, 59 L. Ed. 1192, the state of Missouri had passed an act requiring officers of corporations to file annually an affidavit that the corporation has not participated in any pool, trust, or combination under penalty of forfeiture of charter or right to do business in the state. The Mallinckrodt Chemical Works attacked the act as unconstitutional because it left out individuals, partnerships, and associations of individuals, although equally within the law against monopolies, thereby unjustly discriminating, as was asserted, against corporations. In disposing of the case and holding the act constitutional, Mr. Justice Pitney used this language:

"It is insisted that to require an affidavit of innocence by the managing officers of corporations is an unjust discrimination against them, and hence repugnant to the 'equal protection' provision, because individuals, partnerships, and associations of individuals, although equally within the law against monopolies (sections 10299, 10303), are not required

to make similar exculpatory affidavits. The question is whether, for the purpose of such a disclosure as is required by section 10322, corporations may be placed in one class and individuals in another. The answer is not at all difficult. Of course, corporations may not arbitrarily be selected in order to be subjected to a burden to which individuals would as appropriately be subject. Classification must be reasonable; that is to say, it must be based upon some real and substantial distinction having a just relation to the legislative object in view. But here, as in other questions of alleged conflict with constitutional requirements, every reasonable intendment is in favor of the validity of the legislation under attack. Corporations, unlike individuals, derive their very right to exist from the laws of the state; they have perpetual succession; *and they act only by agents, and often under circumstances where the agency is not manifest.* The Legislature may reasonably have concluded that, for these and other reasons, corporations are peculiarly apt instruments for establishing and effectuating those trusts and combinations against which the prohibition of the statute is directed, that their business affiliations are not so easily discovered and traced as those of individuals, and that there was therefore a peculiar necessity and fitness in annually requiring from each corporation a solemn assurance of its nonparticipation in the prohibited practices. The act is, in this respect, fairly within the wide range of discretion that the states enjoy in the matter of classification. Missouri, K. & T. Ry. Co. v. Cade, 233 U. S. 642, 650, 34 Sup. Ct. 678 [58 L. Ed. 1135, 1138], and cases cited." *(Italics ours.)*

We think the reasoning in the case cited applies to the facts of this case.

In the statute under consideration persons are not exempted from the liability imposed upon corporations for injuries resulting in death caused by the person's negligence. The imposition of such liability upon corporations when the death is caused by negligence of agents or servants, and the failure to impose such liability upon natural persons for the negligence of their agents, it seems to us, can be justified on the ground indicated by Justice Pitney, that corporations can act only by agents. The distinction between an agent who stands as the alter ego of the corporate entity and one who is an agent only to the extent that his acts or omissions done in the scope of his authority or the performance of his duty is binding upon the corporation, can be reasonably ignored in fixing the liability of the corporation for injury to persons, other than a fellow servant of the negligent agent, caused by the negligence of its agent or servant.

There is no difficulty in fixing the liability of a person for his own negligence; but in the absence of the provision making a corporation liable for the negligence of its agents, through whom it can only act, its liability for death caused by its negligence could rarely be established.

The frequent difficulty of determining whether a particular agent of a corporation was a vice principal or a mere servant could also be reasonably considered by the Legislature in enacting this statute.

The emergency clause of the act, which shows the motive and reasons controlling the legislative mind, is as follows:

"The Supreme Court having held that the present article does not allow recovery for injuries resulting in death caused by the wrongful act, neglect, unskillfulness or default of *a corporation, its agents, or servants,* creates an emergency and an imperative public necessity demanding the suspension of the rule requiring bills to be read on three several days in each House, and said rule is hereby suspended, and that this act take effect from and after its passage, and it is so enacted. (Italics ours.)

For the reasons stated, we are not prepared to hold that the act is clearly unconstitutional. These conclusions above expressed require an affirmance of the judgment, and it has been so ordered.

Affirmed.