**SID WESTHEIMER CO. v. PINER.**

(No. 547–3785.)

(Commission of Appeals of Texas. Section A. June 28, 1924.)

**1. Appeal and error ⊂⊃835(2)—Defendant held entitled to raise constitutionality of statute first time on rehearing as presenting fundamental error.**

Defendant whose general demurrer was overruled could raise question of constitutionality of a statute for first time on motion for rehearing in Court of Civil Appeals, where plaintiff's cause of action was based on such statute, since, if statute was unconstitutional, overruling of demurrer constituted fundamental error.

**2. Constitutional law ⊂⊃48—Doubts as to constitutionality resolved in favor of statute.**

In passing on constitutionality of a legislative act unless act is clearly unconstitutional, it should be upheld, and if after the court has made careful investigation there remains in its mind a reasonable doubt as to its constitutionality, such doubt should be resolved in favor of law's validity.

**3. Constitutional law ⊂⊃245—Death ⊂⊃9—Statute providing remedy for death by wrongful act held valid though confined to corporations.**

Rev. St. art. 4694, § 2, providing an action for damages when death of any person is caused by wrongful act of another is valid as applied to corporations, whether or not it is valid as to natural persons, in view of Const. art. 12, § 2, and Rev. St. art. 1139.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by Elee Piner against Sid Westheimer Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (240 S. W. 985), and defendant brings error. Affirmed.

Fulbright & Crooker, of Houston, for plaintiff in error.

C. M. Kay and Cole, Cole & O'Conner, all of Houston, for defendant in error.

W. H. Francis and A. S. Hardwicke, both of Dallas, and Head, Dillard, Smith, Maxey & Head, Chas. Batsell, and Wood, Jones & Wood, all of Sherman, amici curiæ.

CHAPMAN, J. This suit was brought by Elee Piner, hereafter referred to as plaintiff, against Sid Westheimer Company, hereafter referred to as defendant. Plaintiff alleged that the defendant was a corporation incorporated under the laws of the state of Texas engaged in the general business of funeral directors and embalmers and that it operated automobile ambulances in and around the city of Houston, Tex. The basis of plaintiff's cause of action was the death of her husband occasioned by the negligence of an agent and servant of the defendant in running over plaintiff's husband with one of defendant's automobiles. Plaintiff recovered damages in the district court, and that judgment was affirmed by the Court of Civil Appeals of the First District. 240 S. W. 985. The only pleadings filed by defendant in the trial court was a general denial and general demurrer. In the Court of Civil Appeals on motion for rehearing defendant raised the question of the constitutionality of section 2 of article 4694 of the Revised

Civil Statutes, and in doing so took the position that said section 2 of said article, as applied to natural persons, had been declared unconstitutional, and that said section would therefore also be unconstitutional as applied to corporations, and would be in contravention of section 3 of article 1 of the Texas Constitution and section 1 of the Fourteenth Amendment of the Constitution of the United States.

This court has not rendered an opinion as to the constitutionality of section 2 of article 4694, as applied to natural persons, and we do not here undertake to determine that question, for the reason that plaintiff was entitled to recover even though natural persons had not been mentioned in section 2 of said article.

[1] It becomes necessary for us to decide, first, whether defendant could raise a constitutional question first on motion for rehearing in the Court of Civil Appeals, and this raises the question as to whether the overruling of defendant's general demurrer was fundamental error. Plaintiff's cause of action was based on the second section of said article 4694, and, if said section is unconstitutional, then plaintiff had no cause of action. If said second section of said article had never been enacted by the Legislature, then it would not be seriously contended that plaintiff's general demurrer should not have been sustained. If said second section is unconstitutional, then it has no more effect that if it had never been enacted. If prior to the filing of plaintiff's cause of action said section 2 had theretofore been declared unconstitutional by our courts, there is no doubt but that the failure of the court to sustain defendant's general demurrer would have been fundamental error, and, if said second section is unconstitutional, then it was fundamental error for the court to overrule defendant's general demurrer, and in our opinion defendant could raise the constitutionality of said act in the manner and at the time it was raised.

In Fuqua, Hinkle & Davis v. Pabst Brewing Co., 90 Tex. 298, 38 S. W. 29, 750, 35 L. R. A. 241, suit was brought on a contract, and no question was raised in the trial court as to the validity of the contract, but in a motion for rehearing in the Court of Civil Appeals the question was raised as to the contract being in violation of the anti-trust laws of the state and in that case the Supreme Court held that the validity of said contract was properly raised. In the case just mentioned it was held that in the motion for rehearing in the Court of Civil Appeals the validity of a contract declared invalid by statute could be raised, and in the case under consideration the question is whether a statute declared to be invalid by the Constitution can be raised for the first time on motion for rehearing in the Court

of Civil Appeals. It seems to us that the two questions are so similar that they involve the same principle of law and that the holding in the case cited is decisive of the question before us.

In the case of City of San Antonio v. Talerico, 98 Tex. 155, 81 S. W. 519, this statement is made:

"It has always been regarded as proper for the appellate court, before affirming a judgment, to see that the petition states a good cause of action, since nothing short of that will sustain a judgment in favor of a plaintiff."

And this holding is either directly or indirectly sustained by the following authorities: Houston Oil Co. of Texas v. Kimball, 103 Tex. 104, 122 S. W. 533, 124 S. W. 85; Grayson County et al. v. Harrell et al. (Tex. Civ. App.) 202 S. W. 160; Clark et al. v. Briley (Tex. Civ. App.) 193 S. W. 419; St. Louis, B. & M. Ry. Co. v. Hamilton (Tex. Civ. App.) 163 S. W. 666; Oar v. Davis, 105 Tex. 479, 151 S. W. 794; Western Union Telegraph Co. v. Saxon (Tex. Civ. App.) 138 S. W. 1091; Montgomery v. Peach River Lumber Co., 54 Tex. Civ. App. 143, 117 S. W. 1063; Holloway Seed Co. v. City Nat. Bank, 92 Tex. 187, 47 S. W. 95, 516.

[2] The other question raised in the application for writ of error is as to the constitutionality of section 2 of article 4694, Revised Civil Statutes, as applied to corporations, on the assumption that it is invalid as to natural persons. We understand the rule to be, in passing on the constitutionality of an act of the Legislature, that, unless the act clearly appears to be in contravention of some provision of the Constitution, the act of the Legislature should be upheld and that if, after the court has made a careful investigation of the question, there remains in the mind of the court a reasonable doubt as to the constitutionality of the legislative act, the doubt should be resolved in favor of the validity of the law. We have been cited to no case by our own Supreme Court, nor to any case by the Supreme Court of the United States, wherein the precise question under consideration has been passed on.

[3] In Davis v. Florida Power Co., 64 Fla. 246, 60 South. 766, Ann. Cas. 1914B, 965, the Supreme Court of Florida had under consideration the constitutionality of a law of that state, providing that, whenever the death of any minor child shall be caused by the wrongful act, negligence, or carelessness of any private association of persons or any corporation, or by the negligence, etc., of any officer or agent of any corporation, that the father of such minor child, or in certain conditions the mother, might maintain an action against such private association of persons, or corporation, for the service of such minor child. This act, as originally passed by the Legislature of Florida, included natural persons, but through some mistake in

bringing this law forward in another edition of the laws of said state, the provisions as to natural persons were left out, and the law as brought forward applied only to associations and corporations, and the court in that case held that said law, as brought forward in the new edition of the laws of said state, was not in violation of either the state or federal Constitution, and, in so holding, used the following language:

"The mere failure of the Legislature to extend the regulation to single individuals does not render the regulation invalid as to those affected by it, when those so included are not injured by an arbitrary exertion of the powers of government. If those associations of persons that are included in the regulation perpetrate negligent injuries, they cannot justly complain that individuals in their several capacity as such individuals are not subject to similar liability."

In Ozan Lumber Co. v. Biddie, 87 Ark. 587, 113 S. W. 796, the Supreme Court of Arkansas had under consideration the constitutionality of the following statute:

"That hereafter all railroad companies operating within this state, whether incorporated or not, and all corporations of every kind and character, and every company whether incorporate or not, engaged in the mining of coal, who may employ agents, servants or employés, such agents, servants or employés being in the exercise of due care, shall be liable to respond in damages for injuries or death sustained by any such agent, employé or servant, resulting from the careless omission of duty or negligence of such employer, or which may result from the carelessness, omission of duty or negligence of any other agent, servant or employé of said employer, in the same manner and to the same extent as if the carelessness, omission of duty or negligence causing the injury or death was that of the employer." Laws, Ark. 1907, p. 162.

And said statute was declared to be constitutional.

In State v. Mallinckrodt Chemical Works, 249 Mo. 702, 156 S. W. 976, there was under consideration the constitutionality of the law of Missouri requiring all corporations at certain stated periods to make affidavit as to whether or not such corporation had participated in any pool, trust, agreement, combination, confederation, or understanding with any other corporation, etc., and providing a penalty for failure to make such affidavit. Said law was found to be constitutional, and the following is an extract from said case:

"A corporation is a legal fiction—a creature of the law. It accepts its charter and corporate franchises with a tacit agreement or understanding that it will exercise the powers granted to it by the state, and none other, and that if it misuses those powers, or usurps powers not so granted, it will surrender or forfeit its charter, with all corporate franchises. That the state has the power to enforce this agreement, or law of forfeiture, is not questioned by

respondents; but they insist that it is a different and greater punishment than is imposed upon an individual for the commission of the same offense. In answer to that, it may be said that an individual is a natural person, created by his Maker, and not by law, and therefore has no franchises to exercise or to forfeit; consequently the same punishment, if you so term it, could not, in the very nature of things, be measured out to the individual which should be measured unto a corporation."

This case was carried to the Supreme Court of the United States and by said court held to be constitutional. 238 U. S. 41, 35 Sup. Ct. 671, 59 L. Ed. 1192.

In State v. Missouri Pacific Ry. Co., 242 Mo. 339, 147 S. W. 118, the statute requiring all corporations to pay their employés their wages semimonthly, and providing a penalty, without making said law applicable to natural persons, was under consideration. This act was held to be not in contravention of either the state or federal Constitution.

And in Arkansas Stave Co. v. State, 94 Ark. 27, 125 S. W. 1001, 27 L. R. A. (N. S.) 255, 140 Am. St. Rep. 103, a statute of Arkansas almost identical with the statute in the last above mentioned case, was by the Supreme Court of Arkansas held to be constitutional, and in said case the following language was used:

"And when legislation applies to particular bodies or associations, imposing upon them additional liabilities, it is not open to the objection that it denies to them the equal protection of the laws if all persons brought under its influence are treated alike under the same conditions."

In Prudential Insurance Co. v. Cheek, 259 U. S. 530, 42 Sup. Ct. 516, 66 L. Ed. 1049, 27 A. L. R. 27, the Supreme Court of the United States had under consideration the constitutionality of the following statute of Missouri:

"Whenever any employee of any corporation doing business in this state shall be discharged or voluntarily quit the service of such corporation, it shall be the duty of the superintendent or manager of said corporation, upon the request of such employee (if such employee shall have been in the service of said corporation for a period of at least ninety days), to issue to such employee a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service; and if any such superintendent or manager shall fail or refuse to issue such letter to such employee when so requested by such employee, such superintendent or manager shall be deemed guilty of a misdemeanor, and shall be punished by a fine in any sum not exceeding five hundred dollars, or by imprisonment in the county jail for a period not exceeding one year, or by both such fine and imprisonment." Rev. St. 1909, § 3020.

The statute was assailed because it did not include individuals, but was held to be constitutional, and the following observation was made by said court:

"But the right to conduct business in the form of a corporation, and, as such, to enter into relations of employment with individuals, is not a natural or fundamental right. It is a creature of the law; and a state, in authorizing its own corporations or those of other states to carry on business and employ men within its borders, may qualify the privilege by imposing such conditions and duties as reasonably may be deemed expedient, in order that the corporation's activities may not operate to the detriment of the rights of others with whom it may come in contact."

Courts holding laws like the one under consideration to be valid do so upon the ground that corporations, owing their existence to the law, are subject to such regulations and restrictions as the law may place upon them without the necessity of making such laws applicable to natural persons.

In view of section 2 of article 12 of the state Constitution providing that in the creation of corporations adequate protection for the public must be made, and of article 1139, Revised Civil Statutes, reserving in the Legislature power to alter, amend, or reform 'the charter of corporations, we are of the opinion that we are justified in holding the law under consideration to be valid as applied to corporations regardless of whether or not it is valid as to natural persons.

All other questions were disposed of by the Court of Civil Appeals in refusing to consider appellant's briefs.

The judgment of the trial court and that of the Court of Civil Appeals being in favor of plaintiff, we recommend that the judgments of those courts be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.