MRS. C. E. HAMILTON, ADMINISTRATRIX, V. ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY.
MAGNOLIA PETROLEUM COMPANY V. MRS. C. E. HAMILTON, ADMINISTRATRIX.

No. 4029.   Decided May 12, 1926.

(283 S. W., 475.)

**1.—Interstate Commerce—Master and Servant—Assumed Risk.**

The question of assumed risk by an employe of a railway company engaged in interstate commerce is one of Federal law, and the rulings of the courts of the United States thereon are here followed. (Pp. 461, 462).

**2.—Same—Railway—Crossing—View Negligently Obscured.**

Though a railway company was guilty of negligence in permitting growth of grass and weeds on its right-of-way to obstruct its engineer's view of an approaching truck at a highway crossing, where the conditions and the danger were necessarily known to the engineer from their nature and his familiarity with the crossing, he must be held, as matter of law, to have assumed the risk, notwithstanding a verdict permitting recovery. (Pp. 461, 462).

**3.—Statute—Constitution—Caption — Amendment — Master and Servant— Injuries Resulting in Death.**

.   The second section of the Act of April 7, 1913, Laws, 33d Leg., p. 228, amending Article 4694, Rev. Stats., 1911, so far as it attempted to fix liability for the death of a person caused by the negligence of the agents or servants of any other person, was void because the caption of the Act indicated no purpose to impose such liability save on a certain specified class of corporations.   (P. 463).

**4.—Same—Article of Revised Statutes—Emergency Clause.**

Specifying the purpose of an Act as amendment of a designated

article of the Revised Statutes might suffice as a statement covering any change therein germane to its existing provisions. But when the caption of the Act — and incidentally the emergency clause — sets forth the specific change intended, the effect of the Act will be limited by the Constitution to the purpose so stated. (Pp. 463, 464).

### 5.—Death—Carriers—Negligence of Agents—Statutes.

Reviewing the course of legislation leading to the adoption of Article 4694, Revised Statutes, 1911, and its amendment by Act of April 7, 1913, with the decisions thereon, it is held that earlier intimations that the corporations specified as liable were confined to such as were public or common carriers have not been followed; but that, under section one of that Act, a petroleum company operating a motor truck for the conveyance only of its own goods was liable for death caused by negligence of the employe operating it. (Pp. 464-469).

### 6.—Cases Discussed.

Hendrick v. Walton, 69 Texas, 196; Missouri, K. & T. Ry. Co. v. Freeman, 97 Texas, 400; Fisher v. Texas Teleph. Co., 34 Texas Civ App., 308, 79 S. W., 50; Ott v. Johnson, 101 S. W., 534, discussed and limited. Sulliven-Sanford Lumb. Co. v. Watson, 106 Texas, 4; Cunningham v. Neal, 101 Texas, 338; Farmers & M. Natl. Bank v. Hanks, 104 Texas, 320; Lipscomb v. Houston & T. C. Ry. Co., 95 Texas, 5; Sid Westheimer Co. v. Piner, 240 S. W., 987, 263 S. W., 578, followed. (Pp. 466-468).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Grayson County.

Mrs. C. E. Hamilton, as administratrix, sued the St. Louis, S. F. & T. Ry. Co. and the Magnolia Petroleum Co., and recovered judgment, from which both defendants appealed. That against the Railway Co. was reversed and rendered in its favor; that against the Petroleum Co. was affirmed (257 S. W., 597). Both the latter company and Mrs. Hamilton, by separate applications, obtained writs of error.

*W. H. Francis, A. S. Hardwicke,* and *Head, Dillard, Maxey & Smith,* for Magnolia Petroleum Co., plaintiff in error.

The Magnolia Petroleum Company was neither a public nor a private carrier of goods or passengers, or operating a conveyance for that purpose within the meaning of the statute. Chevallier v. Strahan, 2 Texas, 115, 119; Haynie v. Baylor, 18 Texas, 507; Hahl v. Laux, 93 S. W., 1080; S. F. Ry. v. Grant Bros. Const. Co., 108 Pac., 467, p. 469, 13 Ariz., 186; 10 C. J., p. 37, Sec. 1, p. 38, Sec. 4; The Cape Charles, 198 Fed. Rep., 346, p. 349.

The Act of 1913 relating to injuries resulting in death, insofar as it attempts to make an individual or collection of individuals responsible for death caused by their agent or serv-

ant, is unconstitutional.   Rodgers v. Tobias, 225 S. W., 804;
Anderson v. Smith, 231 S. W., 142; Oberstone v. Armendariz,
244 S. W., 644.   The unconstitutionality of the law is recog-
nized by the court in this case.

In order that there may be a recovery for injury resulting
in death the facts must bring the case strictly within the terms
of the statute.   Hendrick v. Walton, 69 Texas, 192; Railway v.
Hill, 71 Texas, 451; Turner v. Cross & Eddy, 83 Texas, 218,
p. 228; Yoakum v. Selph, 83 Texas, 607; Railroad v. Le Gierse,
51 Texas, 189, p. 199.

The Magnolia Petroleum Company was only an aggregation
of individuals—under the holding of the Court of Civil Appeals
a partnership.   Wells v. Mackay Telegraph-Cable Co., 239
S. W., 1001; McCamey v. Hollister Oil Co., 241 S. W., 689;
Graham Hotel Corp. v. Leader, 241 S. W., 700.

Individuals are not liable for death caused by their servants
or agents.   Hendrick v. Walton, 69 Texas, 192; Hargrave v.
Vaughn & Cumming, 82 Texas, 347; Commerce Cotton Oil Co.
v. Camp, 105 Texas, 130.

Before one can be held liable for an injury resulting in death,
under the statute in force at the time Hamilton was killed, on
account of the negligence of his servant operating a vehicle,
such vehicle must have been brought within a classification
embracing railroads, steamboats, stage coaches, or vehicles of
that character whose business was the conveyance of goods
or passengers.   National Bank v. Hanks, 104 Texas, 320; Pulom
v. Jacob Dold Packing Co., 182 Fed., 356; Ott v. Johnson, 101
S. W., 534; Williams v. Northern Texas Traction Co., 107 S. W.,
125; Fisher v. Texas Telephone Co., 79 S. W., 50.

*Charles Batsell* and *Wood & Wood,* for Mrs. C. E. Hamilton,
executrix, plaintiff in error against S. L., S. F. & T. Ry. Co.,
and defendant in error against Magnolia Petroleum Co., as
plaintiff in error.

The original petition of appellee stated the cause of action
against the Railway Company, and the evidence introduced
thereunder, authorized the submission of the question of its
negligence to the jury.   Thompson on Negligence, Sec. 50;
T. & P. Ry. Co. v. Bingham, 97 Texas, 227; Eames v. T. & N. O.
Ry. Co., 63 Texas, 664; Railroad Co. v. Marcelles, 59 Texas,
334; Railroad Co. v. Vallie, 60 Texas, 481; Railroad Co. v.
McNamara, 59 Texas, 255; Railroad Co. v. Dunham, 49 Texas,
189.   On the proposition that negligence or not is a question
for the jury, see Railroad v. Randall, 50 Texas, 254; Railroad

v. Graves, 59 Texas, 330; Railroad v. Murphy, 46 Texas, 360; 59 Texas, 373; 58 Texas, 434.    Proximate cause, Jones v. George, 61 Texas, 346; Railroad Co. v. Kellogg, 94 U. S., 475; Mahar v. Railroad Co., 13 Am. & Eng. Ry. Cases, 572; Savage v. Railroad Co., id., 566; Galveston, etc., Ry. Co. v. Sweeney, 24 S. W., 947; Gonzales v. Galveston, 84 Texas, 7; T. & N. O. Ry. Co. v. Walker, 125 S. W., 99; T. & P. Ry. Co. v. Hall, 173 S. W., 548; Angelina, etc., Ry. Co. v. Due, 106 S. W., 918; M., K. & T. Ry. Co. of Texas v. Perryman, 160 S. W., 406.

If the negligence of the Railway Company, concurring with the negligence of the truck driver, caused the collision and subsequent death of the deceased, they are both liable, and neither can be excused on account of the negligence of the other.   Rapid Transit Co. v. Edwards, 118 S. W., 840; Railway Co. v. Williams, 117 S. W., 1043.

Allowing the weeds and grass to grow on the right-of-way so as to obscure road crossings constitutes negligence.   L. & N. Ry. Co. v. Parks, Administrator, 154 Ky., 269; Corley v. Atchison, T. & S. F. Ry. Co., 133 Pac., 555.

It is a settled rule of law that the employe may assume that his employer has exercised proper care with respect to his safety until notified to the contrary, unless the want of care, and the danger arising from it, are so obvious that an ordinarily careful person, under the circumstances, would observe and appreciate them.   C. & O. Ry. Co. v. De Atley, 24 U. S., 315; U. P. Ry. Co. v. O'Brien, 161 U. S., 458; Ward v. Harris County, 209 S. W., 192; Breen v. Railway Co., 44 Texas, 306; Austin v. G., C. & S. F. Ry. Co., 45 Texas, 267; Battle v. Howard, 13 Texas, 345; I. & G. N. Ry. Co. v. Smith County, 54 Texas, 1; M., K. & T. Ry. Co. v. Freeman, 97 Texas, 414; Hough v. Texas & P. Ry. Co., 100 U. S., 213; Texas & P. Ry. Co. v. Cox, 145 U. S., 593; C. & O. Ry. Co. v. Proffitt, 241 U. S., 464; C., R. I. & P. Ry. Co. v. Ward, 252 U. S., 22; Boldt v. Pennsylvania Ry. Co., 245 U. S., 441; Railway v. Lemberg, 75 Texas, 67; Railway v. Smith, 57 S. W., 1001; Railway v. Engelhorn, 62 S. W., 562; Railway v. Hughes, 54 S. W., 264; Railway v. Bingle, 91 Texas, 288; Bonnett v. Railway, 89 Texas, 72.

Before Hamilton could have been held to have assumed the risk of the weeds and grass obscuring the crossing where the collision occurred, he must have known and appreciated every circumstance that constituted an element of danger, and their concurrence in causing the collision; and he did not assume the possibility of danger, but only the probability from the

knowledge which he had.  G., H. & S. A. Ry. Co. v. Manns, 84 S. W., 257; S. A. & A. P. Ry. Co. v. Engelhorn, 62 S. W., 562; Railway Co. v. Hanning, 91 Texas, 347; G., H. & S. A. Ry Co. v. Butts, 209 S. W., 426; Orange Lumb. Co. v. Ellis, 150 S. W., 586; Peck v. Peck, 87 S. W., 250.  On rule of assumed risk in Federal courts:  T. & P. Ry. Co. v. Archibald, 170 U. S., 665; G., C. & S. F. Ry. Co. v. McDade, 191 U. S., 64; T. & P. Ry. Co. v. Swearingen, 169 U. S., 51.

As Defendant in Error v. The Magnolia Petroleum Co.

The general words of the Texas 1913 death statute, "other vehicle for the conveyance of goods or passengers," have application to all vehicles, devoted to the conveyance of goods or passengers, which, as a class, are more hazardous to the safety of the public, when operated over public streets and highways, than are the ordinary vehicles; and this, irrespective of whether such vehicles are common carriers, or devoted to the exclusive business of the owner.  Sullivan-Sanford Lumb. Co. v. Watson, 105 Texas, 7; Cunningham v. Neal, 101 Texas, 338; Natl. Bank v. Hanks, 104 Texas, 320; Lodwick Lumb. Co. v. Taylor, 87 S. W., 358; Kirby Lumb. Co., Receivers, v. Owens, 120 S. W., 936; Rice & Lyon v. Lewis, 125 S. W., 961; Sid Westheimer Co. v. Piner, 240 S. W., 985.

Section 2, Chapter 143, Acts of the Regular Session of the Thirty-third Legislature, amending Article 4694 of the Revised Civil Statutes of 1911, gives a right of action against the Magnolia Company for death caused by its servants, agents and employes.  Cunningham v. Neal, 101 Texas, 338; Sullivan-Sanford Lumb. Co. v. Watson, 106 Texas, 4; Bammel v. Kirby, 47 S. W., 392; Lodwick Lumb. Co. v. Taylor, 87 S. W., 358; Kirby Lumb. Co. v. Owen, 120 S. W., 936; Rice & Lyon v. Lewis, 125 S. W., 961.

On the use of construction *ejusdem generis:* Commonwealth v. Chicago, etc., Ry. Co. (Ky.), 99 S. W., 596; Nephi Plaster, etc., Co. v. Juab County (Utah), 93 Pac., 56; U. S. Cement Co. v. Cooper (Ind.), 88 N. E., 72; Strange v. Board of Commissioners (Ind.), 91 N. E., 243.

Both the Railway Company and the Magnolia Petroleum Company are responsible for the death of the deceased, if the acts of each were concurrent in contributing to the accident that caused the same.  G., H. & S. A. Ry. Co. v. Vollrath, 89 S. W., 281; Ft. W. & D. C. Ry. Co. v. Smithers, 228 S. W., 650; Robison v. Floesch Construction Co., 242 S. W., 424.

*W. F. Evans, Goree, Odell & Allen, Freeman, McReynolds,*

*Hay & Wolfe,* and *W. L. Hay,* for defendant in error St. Louis, S. F. & T. Ry. Co.

The evidence conclusively establishing that the deceased, C. E. Hamilton, had been in the employment of defendant railway company for more than twenty years; that he had operated the motor car in question continuously for a period of two years just prior to the collision; that he passed the crossing in question twice daily during this period; that immediately prior to the collision he had passed over same twice each day for twenty consecutive days; that no changes had been made in the crossing or the topography of the ground during all of this time; he, as a matter of law, assumed all risks and dangers arising from the condition of the crossing or incident thereto; the evidence showing he was engaged in interstate commerce at the time of said collision; and such question was not an issue of fact to be passed on by the jury. Louisville & Nashville Ry. Co. v. Hennig, 171 S. W., 853; W. & S. E. Ry. Co. v. Wilson, 168 S. W., 565; Missouri Pacific Ry. Co. v. Somers, 71 Texas, 700; Baker v. Lusk, 201 S. W., 357; Patton v. T. & P. Ry. Co., 179 U. S., 658, 45 L. Ed., 361; S. A. L. Ry. Co. v. Hord, U. S., 58 L. Ed., 1062; C., R. I. & G. Ry. Co. v. DeBord, 109 Texas, 20; Hamm v. T. & N. O. Ry. Co., 221 S. W., 345; St. Louis Southwestern Ry. v. Hynson, 101 Texas, 543; Jacobs v. Southern Ry., U. S., 60 L. Ed., 97; Vaughan v. Ry. Co., U. S., 60 L. Ed., 977; Hines v. Bannon, 221 S. W., 684; Hines v. Bannon, 238 S. W., 701; Hines v. Wicks, 220 S. W., 581; Emma Cotton Seed Oil Co. v. Hale, 19 S. W., 600; Dowell v. V. C. R. & N. Ry. Co., 17 N. W., 901; Content v. N. H. & H. R. Ry. Co., 43 N. E., 94; Illick v. Flint & P. M. Ry., 35 N. W., 708; Pennington v. Railway Co., 51 N. W., 634; Braden v. C., B. & Q. Ry., 161 S. W., 279; Goldthwaite v. Haverhill Ry. Co., 36 N. E., 487; Tham v. Old Colony Ry. Co., 37 N. E., 309; Houston & T. C. Ry. Co. v. Alexander, 103 Texas, 594; G., C. & S. F. Ry. Co. v. Leatherbury, 259 S. W., 598.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Mrs. C. E. Hamilton, as administratrix of the estate of her deceased husband, sued the St. Louis, San Francisco & Texas Railway Company and the Magnolia Petroleum Company to recover damages for her husband's death, which was alleged to have been caused by the negligence of the agents and servants of said companies.

The deceased was an engineer in the employment of the

Railway Company. He was operating one of the Railway Company's motor trains transporting passengers in interstate commerce when he met his death in a collision of his train at a public road crossing with an automobile truck belonging to the Petroleum Company.

The deceased had served the Railway Company as an engineer for twenty-one years, and had been running over the crossing for seven years. He had traversed the crossing twice a day for some twenty days immediately preceding the collision while under duty to keep a lookout for persons or vehicles at the crossing.

The jury found that the Railway Company was guilty of negligence in permitting grass and weeds to grow and remain on its right-of-way, which prevented the deceased from seeing the truck until after it was on the right-of-way and was about to cross the track. The jury further found that the deceased did not fail to keep such a lookout for persons at and near the crossing as an ordinarily prudent person would have kept; and that the deceased did not assume the risk incident to grass and weeds growing and remaining on the right-of-way.

The Court of Civil Appeals reversed the judgment of the District Court insofar as it awarded the administratrix a recovery against the Railway Company and rendered judgment for the Railway Company. On writ of error granted the administratrix, she seeks to reverse the judgment of the Court of Civil Appeals in favor of the Railway Company.

After pointing out that the deceased was bound to know of the presence of the grass and weeds, under the undisputed facts and the jury's findings, the Court of Civil Appeals concluded:

"If he knew that, it can not be doubted, when his age and experience are kept in mind, that he appreciated the additional risk he incurred in operating the car over the crossing because of the existence of the weeds and grass on the right-of-way. St. Louis-S. W. Ry. Co. v. Hynson, 101 Texas, 543, 109 S. W., 929. Knowing of the Railway Company's conduct in the respect stated, and appreciating the risk arising therefrom, he was within the applicable rule, and we see no escape from the conclusion that the Railway Company was not liable to appellee for the consequences of the collision." 251 S. W., 600.

The Commission of Appeals, from whom this case has been withdrawn, were of the opinion that reasonable minds might differ as to whether the deceased realized the danger created by the weeds and grass. We think the decision of the Court

of Civil Appeals on this question was correct. As the deceased was engaged in interstate commerce, the question is one of Federal law. The rule in the Supreme Court of the United States was stated in an opinion by Justice Moody to be:

"Where the conditions are constant and of long standing, and the danger is one that is suggested by the common knowledge which all possess, and both the conditions and the dangers are obvious to the common understanding, and the employe is of full age, intelligence and adequate experience, and all these elements of the problem appear without contradiction from the plaintiff's own evidence, the question becomes one of law for the decision of the Court. Upon such a state of the evidence a verdict for the plaintiff can not be sustained, and it is the duty of the judge presiding at the trial to instruct the jury accordingly." Butler v. Frazee, 211 U. S., 467, 53 L. Ed., 281. See also Gila Valley Ry. Co. v. Hall, 232 U. S., 102, 58 L. Ed., 521, and Southern Pacific Co. v. Berkshire, 254 U. S., 417, 65 L. Ed., 337.

The rule applied by the Supreme Court of the United States follows the common law principle disclosed in Patton v. Dallas Gas Co., 108 Texas, 326, 192 S. W., 1060, where this Court said:

"He (the servant) can not close his eyes and refuse to see a danger which is open and obvious to him, and which he would necessarily see, without attempting to make an inspection. He can not refuse to look and to see the danger which is obvious and in such plain view as that he would be compelled to see it if he exercised his sense of sight and be acquitted of the assumption of the risk upon the ground that he did not know of the danger. In such a case he must be held to have known that which he must necessarily have known, had he looked."

The Petroleum Company was an unincorporated joint stock association organized for the purpose, among others, of carrying on the business of manufacturing and selling petroleum products. It distributed and sold such products throughout the State, having offices and storage tanks at Sherman, in Grayson County. A part of its regular business was the transportation and delivery of its products, such as gasoline and kerosene, throughout Grayson County, by means of automobile trucks. These trucks carried no goods other than those belonging to the Petroleum Company. The truck which collided with the train operated by Hamilton and thus caused his death, was regularly used over the public roads in distributing the company's products in and around Sherman. At the time of

the collision, which was occasioned, according to the jury's findings, by the negligence of the Petroleum Company's servant in operating the truck, it was being driven from Sherman to a smaller town in Grayson County, and was loaded with 200 gallons of gasoline in cans and 120 gallons of kerosene in cans.

The Court of Civil Appeals affirmed a judgment of the District Court awarding the administratrix damages against the Petroleum Company. A writ of error was then sued out by the Petroleum Company to reverse the judgments of the District Court and of the Court of Civil Appeals.

The collision occurred while the Act relating to injuries resulting in death, approved April 7, 1913, was in force. The single ground urged in this Court by the Petroleum Company for the reversal of the judgments against it is that the 1913 Act did not fix liability upon the Petroleum Company for a death caused by the negligence of one of its servants while operating a truck conveying its manufactured products.

The Court of Civil Appeals and the Commission of Appeals concur in the opinion: first, that the second section of the Act insofar as it attempted to fix liability for the death of a person when caused by the negligence of the agents or servants of another person was void, because no such purpose was declared in the caption of the Act; and, second, that the first section of the Act fixed liability on the Petroleum Company for a death caused by the negligence of a servant operating one of its delivery trucks, because it was the owner of a vehicle for the conveyance of goods other than the vehicles specifically enumerated.

We have no difficulty in agreeing with the first of these conclusions. The administratrix argues that the caption should be construed as if it read: "An Act to amend Article 4694 of the Revised Civil Statutes of 1911." The insuperable obstacle to the soundness of this argument is that the subsequent words of the caption, to wit: "giving cause of action where injuries resulting in death is caused by the negligence of a corporation, its agents or servants," were manifestly intended to have some effect. If they could be given the effect of merely an imperfect or inaccurate description of the article sought to be amended, then we might uphold the attacked portion of Sec. 2 as germane to the subject dealt with by the original article and therefore valid—as was held in Mortgage Co. v. Hardy, Secretary, 93 Texas, 298, 55 S. W., 169. What prevents us from treating these words as defining the law to be amended is the express declaration of the emergency clause that such law,

as construed by the Supreme Court, did "not allow recovery for injuries resulting in death caused by the wrongful act, neglect, unskillfulness or default of a corporation, its agents or servants.'"

With the very language of the Act precluding the words being interpreted as stating the law to be amended, the words can have no other intent than to declare the purpose of the amendment. A caption which declares a purpose to amend a statute by adding thereto a clause creating liability for injuries resulting in death when caused by the negligence of *corporations*, their agents or servants, can not be regarded otherwise than as deceptive insofar as the amendment may seek to declare liability for deaths occasioned not by the negligence of corporations, their agents or servants, but for deaths occasioned by the negligence of *persons*, their agents or servants. Arnold v. Leonard, 114 Texas, 543, 544, 273 S. W., 799.

The court declared through Judge Wheeler in Tadlock v. Eccles, 20 Texas, 792, 73 Am. Dec., 213, that the intention of the constitutional prohibition in Section 35 of Article 3, against legislation on a subject not expressed in a title "doubtless was to prevent embracing in an Act having one ostensible object provisions having no relevancy to that object, but really designed to effectuate other and wholly different objects."

It follows that the Court of Civil Appeals did not err in following here the clear opinion of the Galveston Court of Civil Appeals in Rodgers v. Tobias, 225 S. W., 804, wherein writ of error was denied.

We have had more trouble in reaching a decision as to whether the Petroleum Company was rightly held liable under the first section of the Act as the owner of a vehicle for the transportation of goods other than those named.

The common law affording no remedy for damages sustained by the death of a person, the British Parliament in 1846 passed Lord Campbell's Act declaring that the person who would have been liable had not death ensued should be liable whenever the death was caused by wrongful act, neglect or default.

The Act of February 2, 1860, provided that "whensoever the death of any person may be caused by wrongful act, neglect, unskillfulness or default, and the act, neglect, unskillfulness or default is such as would (if death had not ensued) have entitled the party injured to maintain an action for such injury then and in every such case the person who would have been liable if death had not ensued shall be liable to

an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony." Thus Texas adopted the substance of Lord Campbell's Act. The act of 1860 specifically provided further for liability "if the life of any person is lost by reason of the negligence or carelessness of the proprietor or proprietors, owner, charterer, or hirer of any railroad, steamboat, stage coach, or other vehicle for the conveyance of goods or passengers, or by the unfitness, gross negligence or carelessness of their servants or agents." Acts of 1860, page 32, Gammel's Laws of Texas, page 1394.

Section 26 of Article 16 of the Constitution of 1876 provides: "Every person, corporation or company that may commit a homicide, through wilful act or omission or gross neglect, shall be responsible in exemplary damages to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide."

An Act approved March 25, 1887, amended the 1860 Act so as to read:

"An action for actual damages on account of injuries causing the death of any person may be brought in the following cases:

"1. When the death of any person is caused by the negligence or carelessness of the proprietor, owner, charterer, or hirer of any railroad, steamboat, stage coach, or other vehicle for the conveyance of goods or passengers or by the unfitness, negligence, or carelessness of their servants or agents.

"2. When the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another." Acts of 1887, page 44, 9 Gammel's Laws of Texas, page 842.

The 1887 Act was amended by Chapter 7, page 5, of the Acts of 1892, Special Session, to embrace liability when death was due to the negligence of receivers or other persons in charge of any railroad, their servants or agents, and as thus amended was carried into Article 4694 of the Revised Statutes of 1911.

The first section of Article 4694, as amended by the Act of 1913, provided for an action for actual damages on account of injuries causing death "when the death of any person is caused by the neglect or carelessness of the proprietor, owner, charterer or hirer of any railroad, steamboat, stage coach or other vehicle for the conveyance of goods, passengers,

or by the unfitness, neglect or carelessness of their servants or agents; when the death of any person is caused by the neglect or carelessness of the receiver or receivers, or other person or persons in charge or control of any railroad, or their servants or agents; the liability of receivers shall extend to cases in which the death may be caused by reason of the bad or unsafe condition of the railroad or machinery or other reason or cause by which an action may be brought for damages on account of injuries, the same as if said railroad was being operated by the railroad company." Acts of 1913, Chapter 143, page 288.

The earlier decisions disclose that many of our judges have been inclined to confine the liability created by this section to deaths caused by the negligence of common carriers, their agents or servants. Judge Gaines in delivering the opinion in Hendrick v. Walton, 69 Texas, 196, 6 S. W., 749, refers to the first section of the 1860 Act as though it related alone to common carriers. The opinion for the majority of the Court in Missouri, K. & T. Ry. Co.. v. Freeman, 97 Texas, 400; 1 Ann. Cases, 481; 79 S. W., 9, by Judge Williams, discloses a similar view. Expressions of like tenor occur in opinions of the Courts of Civil Appeals in Fisher v. Texas Telephone Company, 34 Texas Civ. App., 308, 79 S. W., 50, where Justice Key says the first sub-division of the death statute "is limited to common carriers," and in Ott v. Johnson, 101 S. W., 534, where Justice Gill states that the statute "manifestly was designed to apply to common carriers." The views reflected by these opinions were followed by Judge Maxey in deciding the case of Pulom v. Jacob Dold Packing Co., 182 Fed. Rep., 359.

The case of Sullivan-Sanford Lumber Co. v. Watson, 106 Texas, 4, 155 S. W., 179, presented the question whether a Lumber Company "engaged in the business of manufacturing and selling lumber" was liable for a death caused by the negligence of the Lumber Company in operating a locomotive and cars for the transportation of logs from the forest to the mill. The opinion states "no passengers were carried except the employes of appellant (the Lumber Company) and those engaged in cutting timber or some one seeking employment from the timber contractor. Nor was any freight carried except that belonging to the appellant or its timber contractor." The Court decided: "The private corporation which owned and operated the logging road on which the death of John A. Watson occurred was 'owner' of that road

and liable under the statute above copied to the same extent as any other corporation or person would be," citing Cunningham v. Neal, 101 Texas, 338, 107 S. W., 539.

In Cunningham v. Neal the Court had determined that a private corporation owning and operating sugar mills and refineries and in connection therewith locomotives and cars for the conveyance of its own materials and products was a "railroad" within the meaning of the statute repealing the fellow-servant's rule in actions for the recovery of damages for injuries to employes of every person, receiver or corporation operating a railroad. The Court said: "The statute does not prescribe that the corporation which operates the railroad shall be organized for that purpose, neither does it require that the operation of the railroad shall be for the purpose of carrying freight and passengers for the public in order to subject the operator to the liabilities prescribed by the statute." The reason for the decision was succinctly stated thus: "The same dangers attended the operation of the machinery upon the private road of Cunningham & Co., as would have attended the operation of the same machinery upon the track of the common carrier. Therefore, the injury here complained of is embraced within the letter and spirit of the statute above quoted."

The Supreme Court declared in Farmers' & M. National Bank v. Hanks, 104 Texas, 328, 137 S. W., 1120, citing Lipscomb v. Railway & Express Co., 95 Texas, 5, 55 L. R. A., 869, 93 Am. St., 804, 64 S. W., 923, that whether the specified proprietor, owner, charterer or hirer was a common carrier did not furnish the basis for the classification made by the statute. Applying the *ejusdem generis* rule, the Court determined that the owners of passenger elevators were not liable for death inflicted by negligence of their servants. The opinion gives the following as the proper interpretation of the statute:

"We think, bearing in mind the rules above noted and having in view the objects and purposes of the law, that liability is to be adjudged as if the statute in question, in respect to the general words, reads as follows: 'Or other *like* vehicles for the conveyance of goods and passengers.' * * * It meant, we think, to apply to agencies and carriers transporting passengers and freight from some point of origin to some more or less distant point of destination. This is of necessity implied in every act of carriage of freight or passengers by either railroad, steamboat or stage coach. In

the nature of things, their engagements and works of transportation never contemplated a mere journey from one story of a building to another and to us it seems clear that when the Legislature used the term 'other vehicle' it meant a vehicle performing, substantially at least, the same office and serving the same necessities." Farmers' & M. National Bank v. Hanks, 104 Texas, 328, Ann. Civ. Cases, 1914-B, 368, 137 S. W., 1125.

The Court of Civil Appeals at Galveston, in following Sullivan-Sanford Lumber Co. v. Watson, and Cunningham v. Neal, supra, as well as Lodwick Lumber Co. v. Taylor, 39 Texas Civ. App., 302, 87 S. W., 358, announced: "It is not necessary, in order to fix liability under this subdivision of the statute, to allege or prove that the business of the owner of the vehicle was that of a public or common carrier. The purpose of the statute is broad, and it was not enacted for the protection only of passengers and shippers, but was manifestly designed to protect the public by giving a right of action for injuries resulting in death regardless of whether the deceased was a passenger or the owner of the vehicle was operating it as a common carrier, and it would largely defeat the manifest purpose of the statute if it should be construed to give a cause of action only against common carriers, and our courts have not so construed it." Sid Westheimer Co. v. Piner, 240 S. W., 987, 263 S. W., 578.

If it were an original question the Court would be inclined to follow the intimations in the earlier opinions that the statute was not designed to extend liability for deaths due to negligence of agents or servants to principals or employers not engaged in business as common carriers. But, having had the benefit of these intimations, the Court definitely refused to follow same. So, some other basis for the Legislature's classification must be sought, if the later decisions are to stand. We do not feel that we would be justified in overruling these decisions, and, looking to the basis of classification adopted by them, that is to say, the hazards to which public and employes are subjected by certain instrumentalities of transportation, when regularly employed in commerce, we can not say that a motor truck engaged from day to day in moving the Petroleum Company's products is not one of the vehicles specified in the statutes for the conveyance of goods like railroad trains, steamboats, and stage coaches. The motor truck has become, of course, a common vehicle for transporting merchandise along public roads. When regularly

so employed, it does subject its operators and all in its path to like hazards as does the steam, electric or motor train, the steamboat, or the stage coach. The owner of a truck so used comes within the letter of the statute and such owner comes within its spirit as declared in the later decisions which we will not disturb.

We conclude there was no error in the action of the Court of Civil Appeals in affirming the judgment against the Petroleum Company nor in rendering judgment for the Railway Company. It is ordered that the judgment of the Court of Civil Appeals be in all things affirmed.

*Affirmed.*