## COBB BRICK CO. v. LINDSAY.
### (No. 6813.)

Court of Civil Appeals of Texas. Austin.
Jan. 11, 1928.

Rehearing Denied Feb. 1, 1928.

Death ⬯14(1)—Death action held to lie against owner of truck, where truck used for delivery of defendant's goods struck and killed deceased (Rev. St. 1911, art. 4694, § 1, as amended by Acts 1913, c. 143).

Where motorcycle rider was struck by automobile truck driven by "defendant, its agents, servants, and employees," and killed, owing to driver's negligence, damages for death may be recovered under Rev. St. 1911, art. 4694, § 1, as amended by Acts 1913, c. 143, authorizing recovery of such damages from owner of vehicle for conveyance of goods.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Clara C. Lindsay against the Cobb Brick Company. Judgment for plaintiff was affirmed (277 S. W. 1107), and the case was taken to the Supreme Court of the United States. On hearing after remand by United States Supreme Court (48 S. Ct. 34, 72 L. Ed. ——). Judgment affirmed.

Thompson & Barwise, of Fort Worth, for appellant.

R. E. Rouer and Gillis A. Johnson, both of Fort Worth, for appellee.

BLAIR, J. By a former opinion in this cause, reported in (Tex. Civ. App.) 277 S. W. 1107, we held, under authority of the case of Sid Westheimer Co. v. Piner, 263 S. W. 578, by the Commission of Appeals, that appellee was authorized to maintain her suit against appellant, a corporation, under provision of subdivision 2 of section 1 of article 4694, R. S. 1911, as amended by act of the Legislature in 1913 (chapter 143), the statute being commonly known as the "Death Statute of 1892." Our judgment was attacked upon the ground that the statute violated the Fourteenth Amendment to the United States Constitution, in that it denied to all persons

equal protection of the law, because the statute imposed liability upon corporations for the negligent acts and omissions of their agents, servants, and employees, without imposing the same or a like liability upon individuals or persons engaged in a same business and under similar circumstances. An application for a writ of error to the Supreme Court of Texas was refused appellant on January 20, 1926. On March 9, 1926, this court granted appellant's petition for a writ of error to the Supreme Court of the United States. Pending that court's disposition of the writ of error, the Supreme Court of Texas rendered an opinion in the case of Magnolia Petroleum Co. v. Hamilton, 115 Tex. 455, 283 S. W. 475, deciding the following two points:

"First, that the second section of the act in so far as it attempted to fix liability for the death of a person when caused by the negligence of the agents or servants of another person was void, because no such purpose was declared in the caption of the act; and, second, that the first section of the act fixed liability on the petroleum company for a death caused by the negligence of a servant operating one of its delivery trucks, because it was the owner of a vehicle for the conveyance of goods other than the vehicles specifically enumerated,"

—the reason for the above holding on the second point being as follows:

" * * * We cannot say that a motor truck engaged from day to day in moving the petroleum company's products is not one of the vehicles specified in the statute for the conveyance of goods like railroad trains, steamboats, and stage coaches. The motor truck has become, of course, a common vehicle for transporting merchandise along public roads. When regularly so employed, it does subject its operators and all in its path to like hazards as does the steam, electric or motor train, the steamboat, or the stage coach. The owner of a truck so used comes within the letter of the statute, and such owner comes within the spirit as declared in the later decisions, which we will not disturb."

After the above decision, both appellant and appellee called the attention of the Supreme Court of the United States to it, and on October 27, 1927, that court entered the following order and judgment in this cause (48 S. Ct. 34, 72 L. Ed. ——):

On consideration whereof, "it is now here ordered and adjudged by this court that the judgment of the said Court of Civil Appeals in this cause be, and the same is hereby, vacated, without costs to either party, and that this cause be, and the same is hereby, remanded to the said Court of Civil Appeals, Third Supreme Judicial District, state of Texas, with directions for further proceedings in the light of the decision of the Supreme Court of Texas in Magnolia Petroleum Co. v. Hamilton [115 Tex. 455], 283 S. W. 475, and of the decisions of this court in Missouri ex rel. Wabash Railway Co. v. Public Service Commission, 273 U. S. 126 [47 S. Ct. 311, 71 L. Ed. 575];

Dorchy v. Kansas, 264 U. S. 286 [44 S. Ct. 323, 68 L. Ed. 686]; Gulf, Colorado & Santa Fé Railway Co. v. Dennis, 224 U. S. 503 [32 S. Ct. 542, 56 L. Ed. 860]."

In obedience to the above instruction of the Supreme Court of the United States. this court ordered counsel for both parties to brief and orally argue this case "in the light of the decision of the Supreme Court of Texas in Magnolia Petroleum Co. v. Hamilton, 115 Tex. 455, 283 S. W. 475, and of the other decisions cited, which was done.

It is the contention of appellant that the Magnolia Case, supra, is not applicable to this case, because no facts were alleged or proved which would entitle appellee to recover damages against it under provisions of section 1 of article 4694, R. S. 1911, as amended by acts of the Legislature in 1913 (chapter 143), and providing as follows:

"An action for actual damages on account of injuries, causing the death of any person may be brought in the following cases:

"1. When the death of any person is caused by the neglect or carelessness of the proprietor, owner, charterer or hirer, of any railroad, steamboat, stagecoach or other vehicle for the conveyance of goods, passengers, or by the unfitness, neglect, or carelessness of their servants or agents."

We do not sustain the contentions of appellant. Appellee alleged the following facts, and substantially proved them:

"Plaintiff further alleges that heretofore, to wit, on or about 8:30 a. m. on the 25th day of January, A. D. 1921, the defendant was engaged in the business of manufacturing and dealing in high-grade pressed brick and gravel in the city of Fort Worth, Tarrant county, Texas, and that in pursuance of said business, said defendant, its agents, servants and employees were running, driving, and operating a certain vehicle, to wit, an automobile truck, in a westerly direction along a certain public highway, to wit, being the west portion of north Fifteenth street in what is commonly called North Fort Worth, Tex., being in the corporate limits of Fort Worth, Tarrant county, Tex."

"And the plaintiff avers that, at the said time and place, said defendant, its agents, servants and employees, not regarding and in violation of its duty aforesaid, so negligently and carelessly ran, drove, and operated said automobile truck that it ran into, against, and upon the said William Landon Lindsay, deceased, and his said motorcycle, and that, by reason thereof, and as a direct and proximate consequence and result of the said negligence of the said defendant, its agents, servants and employees, the said William Landon Lindsay. deceased, was violently thrown to the ground, he and his motorcycle dragged and crushed, and he was thereby mangled, bruised, and greatly injured, and thereafter, to wit, some four hours later on or about the said 25th day of January, in consequence of and by reason of said injuries, died."

The uncontradicted evidence in the case supports the above allegations of negligence. In fact, no other conclusion could be drawn

from the testimony of appellant's truck driver who caused the injury than that he was regularly employed to drive appellant's truck in pursuance of its business; that he was so employed at the time of the injury to deceased, and as he had been for about one and one-half years previously thereto in hauling brick upon the public streets and highways of Fort Worth, Tarrant county, Tex., in pursuance of appellant's regular business of manufacturing and dealing in high-grade pressed brick. So the case comes clearly within the rule announced by the Supreme Court in the Magnolia Co. Case, supra, as authorizing one to recover damages of the owner or owners of "other vehicle for the conveyance of goods, passengers, or by the unfitness, neglect, or carelessness of their servants or agents" for injuries inflicted thereby.

From what has been said herein, it follows that that judgment of the trial court must be affirmed, and it is so ordered.

Affirmed.