### EASTLAND COUNTY et al. v. FORD et al.
### (No. 653.)

Court of Civil Appeals of Texas. Eastland.
Jan. 10, 1930.

J. R. Stubblefield, of Eastland, for appellants.

Chastain & Judkins, of Eastland, for appellees.

FUNDERBURK, J. The commissioners' court of Eastland county entered an order declaring its purpose to co-operate, through the live stock sanitary commission of Texas and with the United States Department of Agriculture, Bureau of Biological Survey, in destroying coyotes, wolves, mountain lions, bobcats, and predatory animals, and in order to bring about the destruction of said predatory animals provided for the employment of three trappers, their salary to be paid by the county, and further provided for the payment of two-thirds of the monthly salary of another trapper, payment to be made out of the general funds of Eastland county. The order purported to be made under authority of the Acts of the Fortieth Legislature, p. "151," passed in 1927. The reference to the act of the Legislature was evidently erroneous, but upon this appeal the validity of the order is challenged upon the theory that it was made under authority of chapter 195, Acts of the Fortieth Legislature, General Laws, p. 278, and section 5 thereof, which reads as follows:

"That the commissioners' court of any county within the state or the governing body of any incorporated city or town within the state upon request of ten or more freeholders is empowered and authorized at its discretion to appropriate money out of the general fund not otherwise appropriated, or to levy taxes at a rate of not to exceed one-fourth of one mill on total assessed valuation of the county or incorporated city or town, to provide funds for the prosecution of the predatory animal and rodent work contemplated by this act and in co-operation with state and federal authorities to purchase and provide supplies required for the effective prosecution of the predatory animal and rodent work, to employ labor, and, wherever necessary for the eradication of these pests to enter upon state and private owned lands for the purpose of destroying injurious rodents or predatory animals thereon and to assess the actual cost of rodent eradication work against such private lands."

The caption to the act in question reads as follows:

"An act to provide for co-operation between the state of Texas and the United States Department of Agriculture in the destruction of predatory animals—coyotes, wolves, mountain lions, bobcats and other predatory animals, and rodent pests—i. e., prairie' dogs, salamander, jack rabbits, pocket gophers and ground squirrels—appropriating funds for such purposes, and declaring an emergency."

This suit was brought by E. C. Ford and other citizens of Eastland county, against Eastland county and certain officials, to enjoin the payment of salaries provided in the order out of any funds or moneys derived from taxation for the purposes named in the

849

order and the aforesaid act of the Legislature. It was the contention of the plaintiffs that said section 5 of chapter 195, Acts of the Fortieth Legislature, is void, because the caption of the act failed to state any such subject of the act as that expressed in section 5, in conformity to the Constitution of the state, article 3, § 35, which reads as follows:

"No bill (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The trial court held the statute void, as in contravention of the said constitutional provision, and from the judgment in favor of the plaintiffs the defendants have appealed, and present as the sole question for our decision the constitutionality of the said provision.

The subject of the act of the Legislature is a provision for co-operation between the state of Texas and the United States Department of Agriculture for the accomplishment of certain named purposes. In testing the sufficiency of a caption to give notice of a provision in an act, the courts are inclined to give as liberal construction to any provision brought in question as the general purpose of the Constitution will permit. One such purpose "doubtless was to prevent embracing in an act, having one ostensible object, provisions having no relevancy to that object, but really designed to effectuate other and wholly different objects." Hamilton v. St. Louis, S. F. & T. Ry. Co., 115 Tex. 455, 283 S. W. 475, 477; Tadlock v. Eccles, 20 Tex. 792, 73 Am. Dec. 213. The constitutional provision may be contravened in at least two different ways. A caption may be stated in such general terms as to carry no notice of a purpose to include a specific provision. Then again the caption may state the subject of the act sufficiently, but for the fact that by unnecessarily specifying certain objects it becomes insufficient to carry notice of another or others not specified, under operation of the familiar rule that the mention of one or more things implies the

exclusion of others. Sutherland v. Board of Trustees (Tex. Civ. App.) 261 S. W. 489; Adams v. Waterworks Co., 86 Tex. 485, 25 S. W. 605; Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799.

Applying these principles to the case in hand, it seems to us clear that the caption of the act in question carries no notice of a purpose to authorize the commissioners' court of counties or the governing body of incorporated cities to do the things prescribed. It is not true in any general sense that a county or a city is an agency of the state through which the latter ordinarily functions. In fact, the act in question recognizes such separate identity in the provision for co-operation by a county or city with the state. Therefore the declared purpose of the act to provide for co-operation between the state of Texas and the United States Department of Agriculture would seem to negative any purpose to provide for such co-operation between a county or city and that department of the federal government. The act in question really provides a means of co-operation between the state and the federal department, in that it is provided that any appropriations by the state are conditioned upon Congress appropriating adequate funds from the United States Treasury. But section 5 contains no such provision. The authority it attempts to give the commissioners' court to make appropriations out of the general fund or to levy taxes at the specified rate does not seem to be conditioned upon the federal government likewise making appropriations. If, therefore, Congress should refuse to participate in the enterprise, the commissioners' court, if section 5 is valid, would none the less be authorized to make the order in question and provide for the appropriation or collection of the tax. Such operation of the statute would be entirely outside the subject of the act as expressed in the caption.

We are of the opinion that the caption in question carries no notice of a purpose and intent to give to the commissioners' court the extraordinary powers prescribed in section 5.

The judgment of the trial court is therefore affirmed.

HICKMAN, C. J., and LESLIE, J., concur.